■ In the Matter of AARON BARNETT, Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered April 7, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to prevent the New York State Employees' Retirement System from recomputing a prior determination of service credit due petitioner. The facts are generally undisputed. The Comptroller advised the petitioner by letter that prior military service from 1954 to 1957 when he was a member of the Planning Board of the Town of Babylon, New York, and from 1958 to 1960 while a member of the Town's Zoning Board of Appeals would be credited to his retirement upon payment of $1,233.84. Petitioner paid the requested amount. He retired in 1975 and was advised that all service between 1955 and 1966 was disallowed. After a hearing, the Comptroller ruled that his November 2, 1972 letter was in error and that he was entitled to recompute the amount. The basis of the Comptroller's decision is that no service credit may be given where an individual is paid on a per diem basis by voucher and that prior service may be awarded only for paid service as an officer or employee. He found that Mr. Barnett was neither an officer nor employee. Special Term, in affirming the decision, concurred that section 41 (subd h, par 3) of the Retirement and Social Security Law has no applicability to opinions or letters of the Comptroller but applies only to service certificates when issued. It concluded that the Comptroller's letter of November 2, 1972 was not a certificate. It held further that petitioner was not a paid officer or employee because he was paid by voucher and was, therefore, not entitled to purchase military service credit. On this appeal, petitioner contends that by virtue of section 41 (subd h, par 3) of the Retirement and Social Security Law the Comptroller may recompute prior service only within one year of his initial determination and that the denial of credit to him was untimely and thereby waived and, also, that the computation was otherwise in error. Section 41 derives from similar provisions in the Civil Service Law which have been given a construction by the Attorney-General similar to petitioner's contention (1942 Opns Atty Gen 176). We have previously held that the New York State Employees' Retirement System was without power to modify a prior service certificate after the expiration of one year from the date of issuance *(Matter of Hartmann v Tremaine, 250 App Div 188)*. The crucial issue in this matter is, therefore, whether the 1972 letter to petitioner is, in fact, a prior service certificate. The statute does not prescribe a specific form for the certificate. We are persuaded, however, that ordinary communications from the Comptroller are not to be classified as certificates. It follows rationally that the computation to be made by the Comptroller as to credits should be expected to come at the end of government service. The letter of November 2, 1972 did not constitute a certificate. Petitioner additionally challenges the computation of the Comptroller which denied him service on the ground that payment was by voucher rather than by payroll as an error. We agree. As a member of a town planning board and zoning board of appeals, petitioner was a town officer under sections 267 and 271 of the Town Law. The artificial distinction proposed by the Comptroller and adopted by Special Term of the manner of payment for service as an indicia of whether one is in government service is not persuasive. Public service is service rendered to the public in a public office or capacity for which compensation is paid from the public treasury or the public (1923 Opns Atty Gen 227). The statutory definition of government service fails to make the distinction proposed by the Comptroller. The Attorney-General has ruled on

a number of occasions that State service as defined by the predecessor section to section 2 of the Retirement and Social Security Law requires liberal construction. In line with this reasoning he credited maintenance as payment for service (1937 Opns Atty Gen 139). We, therefore, conclude that the denial of credit to petitioner because he was paid by voucher is contrary to the statute. Judgment reversed, on the law and the facts, with costs, and matter remitted to the Comptroller for further action in conformity with this decision. Staley, Jr., Main, Larkin and Mikoll, JJ., concur; Sweeney, J. P., not taking part.