In the Matter of FLORENCE STARRS, as Executrix of BERNARD STARRS, Deceased, Appellant, v JAMES H. TULLY, JR., as Commissioner of the Department of Taxation and Finance, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered February 23, 1978 in Albany County, upon an order which granted respondent's motion to dismiss petitioner's application, in a proceeding pursuant to CPLR article 78, on an objection in point of law. Petitioner's decedent died on October 21, 1974 leaving an estate which included $20,040 in cash found in three different safe deposit boxes. Respondent took the position that this money was unreported income for the year 1974 and issued a proposed assessment of $1,614, plus interest against the estate, for the personal income tax due. Prior to the issuance of a statutory notice of deficiency by respondent (Tax Law, § 681), petitioner commenced this proceeding to quash the proposed assessment on the ground that there was no evidence that the money in the safe deposit box was unreported income. Special Term granted respondent's motion to dismiss the application on the ground that petitioner had failed to exhaust her administrative remedies. It is well settled that a party must exhaust its administrative remedies before seeking judicial review of a decision of the Tax Commission (CPLR 7801, subd 1; Tax Law, § 690, subd

[b]). While there are exceptions to this general rule (see *Slater v Gallman*, 38 NY2d 1, 4), they are not applicable to this case. Petitioner argues, however, that she need not exhaust her administrative remedies since it would be futile to do so. This contention is without merit. While the respondent may have issued a proposed assessment based on the presumption that cash found in the safe deposit boxes was unreported, it does not logically follow that use of this presumption indicates that the respondent would not change its position when confronted with evidence to the contrary. Allowing petitioner to seek judicial review in this case without first exhausting her administrative remedies would undermine one of the purposes behind the exhaustion doctrine, that being to afford agencies an opportunity to correct their own mistakes *(McKart v United States,* 395 US 185, 195). Petitioner also contends that the exhaustion doctrine does not apply in this case because the respondent was exceeding its authorized powers when it used the presumption that money found in the safe deposit boxes was unreported. Even if we assume that respondent was acting in excess of its power, petitioner's application should still be dismissed since any harm that may result will not· be grave and may be adequately corrected on appeal *(La Rocca v Lane,* 37 NY2d 575, 579). Finally, petitioner's reliance on *Matter of Hillman v State Tax Comm.* (30 AD2d 362) *is* misplaced since that case involved a situation where petitioner had exhausted her administrative remedies and the Tax Commission continued to rely on the presumption that money found in decedent's safe deposit box was unreported despite the fact that petitioner had fully and satisfactorily explained its presence. Thus, Special Term was correct in granting respondent's motion to dismiss the application. Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.