■ In the Matter of ALLAN BOUDREAU, Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered May 11, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to annul a determination made by the respondent. Petitioner, Allan Boudreau, discontinued his State employment with the Education Department on October 15, 1962, at a time when he had less than the requisite 15 years of membership service credit in the New York State Employees' Retirement System (hereinafter System) to qualify for vested retirement rights. Prior to termination of his employment, he was advised of this fact. However, he elected to retire anyway. The System next advised him by letter dated October 26, 1967, that his membership in the System would terminate after November 30, 1967 pursuant to section 40 (subd f, par 1) of the Retirement and Social Security Law. Thereafter, on October 28, 1967, he wrote and requested the System to review the matter, stating that he understood that "after ten years of service and five years of system membership" vested retirement benefits were secured. The pertinent law was amended in 1965 to provide that those members of the System who terminated State service after March 31, 1965, with 10 years of service credit could qualify for a vested retirement allowance (Retirement and Social Security Law, § 76, subd a, par 2). By letter dated November 1, 1967, the System notified petitioner that the letter of October 26, 1967 was erroneous and that he did, in fact, qualify for vested retirement. Two later letters, dated June 21, 1972 and June 3, 1975, respectively, also indicated that he was eligible for vested retirement. Finally, petitioner was informed

by letter dated August 17, 1976, that the letter of November 1, 1967 was erroneous and that petitioner was not eligible for vested retirement. He was also advised that his membership was terminated retroactively as of November 1, 1967. Section 76 (subd a, par 1) of the Retirement and Social Security Law provides that a member of the System who discontinues service after March 31, 1960 and prior to March 31, 1965 may obtain a vested retirement allowance only if he has credit for at least 15 years of total service. Petitioner then requested and was granted an administrative hearing. Subsequently, on September 29, 1977, the hearing officer denied petitioner's application for a redetermination upon the basis that "a public retirement system is not estopped by the erroneous acts of its administrative employees." Petitioner than initiated a CPLR article 78 proceeding to review the administrative decision of the State Comptroller, asserting that the State Comptroller should be estopped from denying his eligibility for vested retirement. Special Term entered judgment May 11, 1978, dismissing the petition and this appeal followed. On appeal petitioner again takes the position that the State Comptroller should be estopped from denying his eligibility for vested retirement. We disagree. Section 76 (subd [a], par 1) of the Retirement and Social Security Law clearly states that a System member who discontinues State service after March 31, 1960, and before March 31, 1965, must have accumulated at least 15 years of service to qualify for vested retirement benefits. Furthermore, subdivision b of section 111 of the Retirement and Social Security Law mandates that the State Comptroller, upon discovery, correct any error or change in any record of the retirement system. Thus, the Comptroller was obligated to rectify the error. The doctrine of estoppel will not reach so far as to hold an individual eligible for vested retirement where by statute, he clearly does not qualify for such eligibility (*La Porto v Village of Philmont*, 39 NY2d 7, 13; *Matter of Newcomb v New York State Teachers' Retirement System*, 43 AD2d 353, affd 36 NY2d 953). The judgment of Special Term should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.