■ In the Matter of WILLIAM DISTELMAN, Petitioner, v EDWARD V. REGAN, as Administrative Head of the New York State Employees' Retirement System, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany

County) to review a determination of respondent which denied petitioner's application for a redetermination of his service credit under Retirement and Social Security Law § 76.

Petitioner seeks annulment of the determination of respondent that he is not a vested member of the New York State Employees' Retirement System (hereinafter the System). Petitioner worked as a psychiatrist with Brooklyn State Hospital commencing July 6, 1959. Pursuant to Retirement and Social Security Law § 40 (b), membership in the System was optional during the first six months of his tenure. Petitioner thus became a member on January 6, 1960. He resigned from the System in October 1969. Petitioner was entitled to purchase six months of service credit at any time while he was a member of the System. At his resignation, he needed 66 days to vest his rights to retirement benefits at the age of 55. Petitioner testified that he had been informed by System staff in advance of his resignation that his pension rights had already vested. Relying on these averments, he resigned. The System sent two letters to petitioner in 1974 to an address at which he had not lived for over 10 years. These letters, the first dated July 17, 1974, containing notice that petitioner's membership in the System would terminate as of October 31, 1974, and the second letter, dated October 28, 1974, indicated that his membership in the System was at an end. The second letter also advised petitioner that unless he made a demand prior to October 28, 1975, for payment of the moneys remaining to his credit in the pension fund, these accumulated contributions would be deemed abandoned and would be transferred to the State Employees' Pension Accumulation Fund. The October 28, 1974 letter was returned as undeliverable and the first letter was neither returned to the System nor delivered to the petitioner.

It is not disputed that petitioner had advised the System in 1963 of his change of address and had received various other communications from respondent's office addressed to his correct address. Upon reaching 55, petitioner applied for retirement and was then advised of his ineligibility due to a lack of credit for his initial 148 days of work and that the opportunity to purchase the credit had ceased since he was no longer a member of the System.

The issue before us is whether the System improperly denied petitioner retirement benefits. We hold on the authority of *Matter of Galanthay v New York State Teachers' Retirement Sys.* (50 NY2d 984) that it did not. We reiterate the position espoused by this court in *Matter of Boudreau v Levitt*

(67 AD2d 1053, 1054, *lv denied* 47 NY2d 706) that "[t]he doctrine of estoppel will not reach so far as to hold an individual eligible for vested retirement where by statute, he clearly does not qualify for such eligibility". Petitioner failed to purchase the optional time available to him so as to fulfill the 10-year period required for the vesting of his pension and he therefore does not qualify for retirement benefits.

We hold that the System is not responsible for petitioner's ineligibility. It is an established principle that "the System is not estopped by erroneous acts of its administrative employees" *(Matter of Newcomb v New York State Teachers' Retirement Sys.,* 43 AD2d 353, 356, *affd* 36 NY2d 953). Notwithstanding the statements made by employees of the System that petitioner's pension rights had vested, petitioner's entitlement to a pension had not legally done so.

Neither do the misdirected letters lend support to petitioner's position that the System should be estopped from denying him pension benefits. At best, the first letter would have alerted him that something was amiss and perhaps would have led him to reinquire as to his eligibility within an eligible time frame to purchase enough time for vesting. However, failure to receive that letter does not give rise to reliance on which estoppel may be premised. The System had no statutory obligation to formally notify petitioner of the termination of his membership. We thus conclude that the determination that petitioner was not entitled to retirement benefits is supported by substantial evidence.

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.