■ In the Matter of THOMAS FAHEY, Doing Business as CASTLE REST NURSING HOME, Respondent, v DAVID AXELROD, as Commissioner of the State of New York Department of Health, Appellant.—Levine, J. Appeal, by permission, from an order of the Supreme Court (Cheeseman, J.), entered March 29, 1988 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondent's motion to dismiss the petition.

Petitioner is the owner and operator of Castle Rest Nursing Home, a residential health care facility in Syracuse and a participant in the State's Medicaid program for its patients. Petitioner's initial interest in the facility was as one of four partners who acquired the former Syracuse General Hospital in 1967 for $860,000 and converted it to a nursing home. A dispute between the partners later developed and the litigation arising from it was ultimately settled in 1972 by petitioner's purchase of the other partners' interest for a total of $2,263,163. Thereafter, petitioner was licensed to operate the nursing home and approved as a Medicaid provider on an individual basis.

According to the allegations of the petition, petitioner from 1975 on has been involved in a continuous dispute with the State Department of Health (DOH) over the capital cost element of the nursing home's Medicaid reimbursement. The petition alleges that, under Public Health Law § 2808 (2-a) (c) and the applicable regulations (10 NYCRR 86-2.21), the nursing home, having been granted an operating certificate prior to March 10, 1975, was entitled to reimbursement of its capital costs on a cost valuation basis, i.e., the 1972 price of acquisition of the facility by petitioner. The petition alleges that DOH, however, has erroneously determined that the

capital costs of the nursing home are to be reimbursed on the basis of the partnership's acquisition costs in 1967. It is further alleged that this issue was resolved in petitioner's favor in a 1975 CPLR article 78 proceeding which DOH continues to ignore.

Prior to answering the petition, respondent moved to dismiss on the ground that petitioner had failed to exhaust his administrative remedies. In the supporting affidavit of a DOH staff member in charge of residential health care facility Medicaid reimbursement, it is averred that petitioner has pending and as yet undetermined administrative appeals within DOH objecting to initial determinations of his reimbursement rates for the years 1981, 1983 through 1985 and 1986, all of which involve the issue of whether capital cost reimbursements should be based upon the 1967 or 1972 prices of acquisition of the facility. It is also averred that the 1975 judgment in the prior litigation did not resolve this issue. Petitioner in his reply affidavit reiterates his averment that the 1975 judgment directed that his reimbursement was to be based on the 1972 cost of acquisition and further avers that he was entitled to relief without exhaustion of his administrative remedies because of the delay in DOH's completion of audits for the 1977 through 1981 rate years in which he raised the same issues.

Supreme Court denied respondent's motion to dismiss. It held that the nondetermination of audits for the years 1977 through 1981, DOH's failure to comply with the judgment in the 1975 litigation and the over-all bureaucratic delay cumulatively demonstrated that pursuit of petitioner's administrative remedies would be futile and, hence, the failure to exhaust such remedies did not bar his resort to judicial review.

We disagree. Concededly, respondent's regulations (10 NYCRR 86-2.13, 86-2.14) provide for administrative appeals to review the issue raised by this petition. Although the parties are in agreement that both the statute (Public Health Law § 2808 [2-a] [c]) and the regulations (10 NYCRR 86-2.21) require that capital expenditure reimbursement be made on a cost valuation basis, the issue of whether the applicable cost should be that of petitioner's acquisition of sole ownership in 1972, or the cost of the 1967 acquisition by the group in which he was a partner, is not resolvable by merely reading the plain wording of either the statute or the regulations. Moreover, under the regulations there may be factual issues that would permit respondent to disregard the 1972 acquisition price, in whole or in part (see, 10 NYCRR 86-2.21 [a] [6]). Thus,

the principle requiring exhaustion of administrative remedies applies with full force to the instant case *(see, Matter of Grattan v Department of Social Servs.,* 131 AD2d 191, 195, *lv denied* 70 NY2d 616; *Allstate Ins. Co. v Tax Commn.,* 115 AD2d 831, 834, *affd* 67 NY2d 999; *Matter of Starrs v Tully,* 67 AD2d 784, 785). The exhaustion doctrine has even stronger application where, as here, the administrative process has already commenced *(see, Allstate Ins. Co. v Tax Commn., supra,* at 832).

We are unpersuaded that the facts and circumstances relied upon by Supreme Court demonstrate that further pursuit of petitioner's administrative remedies would be futile. DOH has not announced or otherwise expressly or implicitly indicated that it has predetermined the issue raised here and in the administrative appeals *(Matter of Grattan v Department of Social Servs., supra,* at 193; *Matter of Starrs v Tully, supra; cf., Matter of Fahey v Perales,* 141 AD2d 934, 935). Petitioner's papers do not unequivocally establish that the judgment in the 1975 CPLR article 78 proceeding required respondent to use his 1972 cost basis in reimbursing him for capital costs. The judgment directs respondent to "determine the 1975 reimbursement rate, based on petitioners' 1973 *operating* costs as furnished by petitioners in the 1973 Cost Report" (emphasis supplied). It is at least ambiguous as to whether the 1972 acquisition costs included within the 1973 report were meant to be binding on respondent under the order. Petitioner failed to include in his papers a copy of the decision of the court on which the judgment was based, which might have resolved the question as to the judgment's scope. Moreover, it is noteworthy that Supreme Court denied petitioner's subsequent motion to hold respondent in contempt for failing to increase the capital cost component of petitioner's reimbursement rate following the granting of the order. As to the factor, also cited by Supreme Court, of the administrative delay in concluding the audits of petitioner's operations for the years 1977 through 1981, adjudicatory delay by an agency does not authorize a court to intervene in an administrative proceeding before a final determination absent extraordinary circumstances, which certainly have not been established here *(see, Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 180). Moreover, since 1983 responsibility for completing the audits in question has been that of the State Department of Social Services (L 1983, ch 83, §§ 9, 13; Social Services Law § 368-c). Any delay by that department in concluding the audit process can hardly be charged against respondent.

For the foregoing reasons, this proceeding should have been dismissed because of petitioner's failure to exhaust his administrative remedies.

Order reversed, on the law, without costs, motion granted and petition dismissed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.