■ In the Matter of Patrick K. Brosnahan Jr., Petitioner, v New York State Employees' Retirement System et al., Respondents.—Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which deleted petitioner's salary and service credits from his retirement record.

Suffolk Regional Off-Track Betting Corporation (hereinafter Suffolk Regional OTB), an employer participating in respondent New York State Employees' Retirement System (hereinafter the retirement system), hired petitioner in 1976 to perform various legal services. Petitioner accepted the employment, in part, because Suffolk Regional OTB represented that the position would afford him membership in the retirement system. Thereafter, from 1976 until 1987, Suffolk Regional OTB reported petitioner as its full-time employee.

In 1987, the office of respondent Comptroller investigated Suffolk Regional OTB's retirement reporting practices. In a letter, copied to petitioner, the Comptroller questioned the designation of the relationship between Suffolk Regional OTB and petitioner as that of employer-employee and requested supporting documentation. Eventually, after the exchange of further correspondence, the Comptroller, by letter dated December 22, 1987, notified petitioner that because satisfactory proof of an employer-employee relationship had not been furnished, the salary and service credit reported by Suffolk Regional OTB would be deleted from petitioner's retirement record. Additionally, his membership in the retirement system would be terminated.

An administrative hearing requested by petitioner was then held. Petitioner was given notice by the Comptroller's office that the purpose of this hearing was to determine whether petitioner's "service credit should be revoked and his membership terminated". The Hearing Officer found that petitioner had failed to demonstrate that Suffolk Regional OTB exercised sufficient supervision, direction and control over the results of petitioner's work or of the means used to achieve those results to constitute an employer-employee relationship. The Comptroller's decision to delete the service and salary credit was accordingly upheld. Petitioner then commenced this CPLR article 78 proceeding to annul the determination. He urges annulment for the following reasons: respondents had no authority to delete the credit and should be estopped from doing so; respondents' action is invalid for their decision to apply the "results-means" control test to determine employee status is tantamount to an unpromulgated rule; and the Hearing Officer's determination was irrational and not supported by substantial evidence. We disagree.

The Comptroller is required to correct "any change or error in any record of the retirement system [which] causes a member or beneficiary of such system to receive more or less than he would have been entitled to receive had such record been correct" (Retirement and Social Security Law § 111 [b]; *see, Matter of Boudreau v Levitt,* 67 AD2d 1053, 1054, *lv denied* 47 NY2d 706). Petitioner's claim, that the improper classification of a worker as an employee is not an "error" within the meaning of this provision and hence not subject to correction by the Comptroller, is logically indefensible *(cf., Matter of Boudreau v Levitt, supra).*

As for his argument that respondents should be estopped from deleting his credit, authoritative case law militates its rejection. Estoppel applies against the government in only the rarest cases and it cannot be invoked to prevent a governmental agent, such as the Comptroller, from discharging his statutory duties *(Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126, 130; *see, Matter of Galanthay v New York State Teachers' Retirement Sys.,* 50 NY2d 984, 986); petitioner has identified no compelling reason to depart from this strenuously preserved principle.

In addition, because the judicially developed "results-means" control test is not a fixed general principle to be applied in each case without regard to the facts and circumstances, there was no need for respondents to have codified

their decision to utilize it *(see, Matter of Roman Catholic Diocese v New York State Dept. of Health,* 66 NY2d 948, 951).

Lastly, we find respondents' determination not only rational, but amply supported by the record. Petitioner set his own work hours, worked approximately 31 hours per month on an "as needed" basis, originally earned $5,200 per year and only $8,400 per year 11 years later (modest salaries belie full-time employment) and maintained a separate, private law practice with its own support staff where he performed some Suffolk Regional OTB work. Petitioner did not have an office at Suffolk Regional OTB but used an empty conference room or other available space, used the services of any Suffolk Regional OTB secretary who happened to be free at the time, and there was no direction or control over his work or how it was to be performed until 1984, when Suffolk Regional OTB's general counsel assumed a supervisory role. Further, petitioner exhibited conduct atypical of Suffolk Regional OTB's employees in that he signed the visitor's log each visit, he was not entitled to vacation, sick or personal leave, and he was not obliged to maintain attendance and leave records.

To be sure, there is an evidentiary basis from which it could be readily inferred that petitioner was an employee: he was paid biweekly like Suffolk Regional OTB's employees *(see, Matter of Ginocchio v New York State Employees' Retirement Sys.,* 136 AD2d 789, 792); payroll deductions were taken from his paychecks *(compare, Matter of Erwin v Regan,* 89 AD2d 753, 754, *affd on mem below* 58 NY2d 722); he received health insurance coverage; he was under the supervision of Suffolk Regional OTB's general counsel beginning in 1984; and he was provided with office supplies, personalized stationery and a telephone credit card. There is, however, as already noted, sufficient evidence to support the conclusion that the relationship was that of independent contractor. That being so, respondents' determination must be confirmed *(see, Matter of Sitrin v Regan,* 90 AD2d 583, 584, *lv denied* 58 NY2d 605; *see also, Matter of Croshier v Levitt,* 5 NY2d 259, 265).

Petitioner's remaining contentions do not warrant discussion.

Weiss, J. P., Levine, Mercure and Harvey, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.