■ In the Matter of MARION WELLMAN, Respondent, v RICHARD C. SURLES, as Commissioner of the New York Office of Mental Health, et al., Appellants, et al., Respondent.—Weiss, P. J. Appeal, by permission, from an order of the Supreme Court (Swartwood, J.), entered January 30, 1991 in Chemung County, which, in a proceeding pursuant to CPLR article 78, inter alia, denied certain respondents' motion to dismiss the petition.

Petitioner, who was 85 years of age at the commencement of this CPLR article 78 proceeding, was discharged on March 21, 1990 from Elmira Psychiatric Center in Chemung County where she had been an involuntary inpatient after hospitalization at various psychiatric facilities for over 10 years. She was placed in Carlton Nursing Home (hereinafter the Nursing Home), a skilled nursing facility in Wellsboro, Pennsylvania, by respondent Commissioner of Mental Health. The application filed on her behalf for Medicaid benefits to pay the nursing home costs was rejected by the Chemung County Department of Social Services (hereinafter CCDSS) on October 26, 1990 because she had assets in excess of the allowable amount, which consisted of her pension in the approximate sum of $353 a month from the New York State Teachers Retirement System and approximately $275 a month as the income beneficiary of a spendthrift trust, in addition to Social

Security benefits of $180 monthly. Payments from the pension and trust fund had been withheld for several years for lack of appointment of a conservator, committee, guardian or other legal representative for petitioner.

Both the Office of Mental Health (hereinafter OMH) and CCDSS refused to commence proceedings for the appointment of a legal representative for petitioner, who remains a resident of New York for lack of ability to form an intent to change residency. By order to show cause dated December 3, 1990, Chemung County Neighborhood Legal Services, Inc. commenced this proceeding on petitioner's behalf seeking both declaratory and injunctive relief compelling OMH, CCDSS or the Attorney-General to initiate proceedings for the appointment of a legal representative and to annul the denial of Medicaid benefits by CCDSS for payment of the nursing home care. The petition also sought an order directing interim Medicaid coverage and that copies of all treatment, records, notes, memoranda of any kind relating to petitioner held by OMH be furnished to counsel. CCDSS answered. The State respondents answered and raised objections in point of law in a motion to dismiss on the grounds of failure to state a cause of action, untimeliness and failure to exhaust administrative remedies. Following a hearing on the petition, Supreme Court, without written decision, denied the State respondents' motion, authorized the court-appointed guardian ad litem to initiate a conservatorship proceeding, and further ordered CCDSS to immediately certify petitioner eligible for Medicaid benefits during the pendency of these proceedings. The State respondents have been granted leave to appeal.

The State respondents have demonstrated in their brief that on March 24, 1991, subsequent to the issuance of the subject order, Supreme Court appointed the guardian ad litem to serve as petitioner's conservator, that the guardian ad litem as conservator has marshaled approximately $27,000 from petitioner's trust and retirement funds, and by motion returnable on February 10, 1992 moved for an order converting his conservatorship to that of committee for petitioner.[1] These events render moot the issue of the appointment of a conservator. Petitioner, however, contends that an exception to the doctrine of mootness should pertain to preserve the issue for

---

1. Although these subsequent events are dehors the record, we are required to consider the issue of mootness which may be raised at any time (see, Sibron v New York, 392 US 40, 50, n 8). Counsel are obligated to inform the court of changed circumstances (see, Matter of Cerniglia v Ambach, 145 AD2d 893, 894, lv denied 74 NY2d 603).

determination on this appeal *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707). We cannot agree. It is fundamental that our duty to undertake a declaration of the law is limited to determining actual controversies *(Matter of Herald Co. v O'Brien,* 149 AD2d 781, 782), which no longer are present here at least with respect to the issue of conservatorship.

A similar finding is required with respect to the application for, and the award of, Medicaid benefits for petitioner. Again, the State respondents in their brief represent that petitioner has been found eligible for Medicaid by CCDSS, making this issue moot.[2] We further find lacking here the factors required to establish this issue as an exception to the doctrine of mootness *(see, Matter of Hearst Corp. v Clyne, supra).* The appeal having been found to be moot and dismissal required, we need not reach the remaining issues raised.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

2. Even if the issue was not found to be moot, the petition for Medicaid eligibility would require dismissal for failure to have exhausted available administrative remedies prior to commencing this CPLR article 78 proceeding *(see, e.g., Matter of Klingaman v Miller,* 168 AD2d 856, 857; *Matter of Fahey v Axelrod,* 152 AD2d 867, 868-869; *see also, Matter of Beyah v Leonardo,* 182 AD2d 868; *Matter of Stern v Krauskopf,* 110 AD2d 536).