■ In the Matter of GWENDOLYN DAVIDSON, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the

Supreme Court, entered in Albany County) to review a determination of respondent New York State and Local Employees' Retirement System which denied petitioner's request to be designated the primary beneficiary of the ordinary death benefits of decedent Sarah Cadwell.

When Sarah Henry filed an application for membership in respondent New York State and Local Employees' Retirement System (hereinafter the System) in April 1972, she designated petitioner, her daughter, as the primary beneficiary of her ordinary death benefits. In December 1979, having changed State agencies, Sarah Henry, now Sarah Cadwell, filed another application, this time naming her husband (respondent Henry Cadwell) and two grandchildren (petitioner's niece and nephew, respondents Olivene Adams and Michael Adams) as primary beneficiaries with petitioner as the contingent beneficiary. This designation, however, was rejected by the System because the contingent beneficiary's address was incomplete and, despite instructions to do so, Sarah Cadwell never returned a new complete form to the System. As a consequence, the annual statements she received from the System thereafter named petitioner as her primary beneficiary.

Following Sarah Cadwell's death in February 1990, the System reviewed her membership file and determined that the December 1979 application was indeed proper, making her primary beneficiaries her husband (Henry Cadwell) and her infant grandchildren (Olivene Adams and Michael Adams). A hearing and redetermination request made by petitioner resulted in a finding affirming the System's decision. When petitioner commenced the instant proceeding against the System, Supreme Court, upon the System's motion, directed her to add Henry Cadwell, Olivene Adams and Michael Adams as parties and to cause a guardian ad litem to be appointed for the grandchildren. The matter was subsequently transferred to this court for review.

The sole issue is whether the System is empowered to recognize the 1979 designation of the primary beneficiaries which it had previously rejected as incomplete; we find that it is. Prior to Sarah Cadwell's death, the December 1979 designations, as dictated by Retirement and Social Security Law § 60 (c), were written, duly acknowledged and filed with the Comptroller (see, Matter of Robillard v Levitt, 44 AD2d 611, 612); neither that statute nor the applicable Comptroller's regulation (2 NYCRR 341.2) requires that the beneficiaries' addresses be included on the form (see, Matter of Jacobelli v Regan, 131 AD2d 166, 169). There is, therefore, substantial

evidence that the System erred in rejecting the 1979 designations for lack of a city, state and zip code in the contingent beneficiary blank. That this error was not discovered until after Sarah Cadwell's death does not, however, relieve the Comptroller of the obligation to rectify it upon discovery *(see,* Retirement and Social Security Law § 111 [b]; *Matter of Boudreau v Levitt,* 67 AD2d 1053, 1054, *lv denied* 47 NY2d 706; *see also, Matter of Prouse v Misarti,* 115 AD2d 867, 868-869). And Sarah Cadwell's apparently thwarted expectation that petitioner would be her primary beneficiary, although clearly unfortunate, is not controlling for the System is not estopped by its administrative employees' mistakes *(see, Matter of Boudreau v Levitt, supra; Matter of Newcomb v New York State Teachers' Retirement Sys.,* 43 AD2d 353, 356, *affd on opn below* 36 NY2d 953; *see also, Matter of Brosnahan v New York State Employees' Retirement Sys.,* 174 AD2d 954, 955, *lv denied* 78 NY2d 858).

Weiss, P. J., Mikoll, Crew III and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.