■ In the Matter of MICHAEL GRAHAM, Appellant, v NEW YORK STATE POLICE AND FIRE RETIREMENT SYSTEM et al., Respondents.—Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered September 12, 1991 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

Supreme Court properly granted respondents' motion to dismiss the proceeding on the basis of petitioner's failure to exhaust his administrative remedies. Assuming that petitioner is correct in his assertion that his employer lacked standing to seek review of respondent Comptroller's initial decision awarding petitioner accidental and performance of duty retirement benefits *(see, e.g., Matter of Barson v Regan,* 177 AD2d 21), the Comptroller's responsibilities under Retirement and Social Security Law § 111 (b) would not be altered. That statute requires that the Comptroller, upon discovery, correct "any change or error in any record" of respondent State Police and Fire Retirement System *(id.; see, Matter of Boudreau v Levitt,* 67 AD2d 1053, *lv denied* 47 NY2d 706). The Comptroller was not relieved of his duties under the statute because the error in this case was not discovered until after the initial award of benefits *(see, Matter of Davidson v New York State & Local Empls. Retirement Sys.,* 185 AD2d 513; *Matter of Boudreau v Levitt, supra,* at 1054). In addition, any estoppel argument is without basis because the Comptroller may not be compelled to grant benefits not authorized by law *(see, Matter of Brosnahan v New York State Empls. Retirement Sys.,* 174 AD2d 954, 955, *lv denied* 78 NY2d 858; *Matter of Goodman v Regan,* 151 AD2d 958, 960).

The question of whether there was an error in the initial determination and whether it should have been rescinded, as well as the question of whether the second determination denying benefits was proper, must await an administrative hearing *(see, e.g., Matter of Brosnahan v New York State Empls. Retirement Sys., supra; Matter of Cassidy v Regan,* 160 AD2d 1210; *see also, Matter of Fahey v Axelrod,* 152 AD2d 867). This proceeding was therefore premature and must await a final determination, at which point judicial review pursuant to CPLR article 78 will be limited to whether the administrative determination was supported by substantial evidence *(see, e.g., Matter of Ginocchio v New York State Empls. Retirement Sys.,* 136 AD2d 789) and whether the Comptroller's construction of the terms of the statute was reasonable under the circumstances of this case *(see, Matter of*

*Cassidy v Regan, supra,* at 1211). The parties' remaining contentions have been reviewed and found unpersuasive.

Weiss, P. J., Levine, Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.