■ In the Matter of ROSE BB., a Person Alleged to be Incapacitated. RICHARD BB., Respondent; LOUIS BB., Appellant. [666 NYS2d 968] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Connor, J.), entered March 25, 1996 in Ulster County, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 81, to appoint a guardian for Rose BB.

In October 1994, petitioner commenced this proceeding pur-

suant to Mental Hygiene Law article 81 to have a guardian appointed to manage the affairs of his mother, Rose BB., due to her advanced age and senile dementia. Respondent, petitioner's brother, who lived with Rose in her residence and managed her affairs pursuant to a durable power of attorney executed by her in 1985, opposed the petition and cross-petitioned for his appointment as guardian. Following a bench trial, Supreme Court determined that Rose was an incapacitated person and appointed a retired Surrogate as general guardian. The court also determined that respondent was in default on his cross petition based upon his failure to appear. Respondent appeals.

It appears from the parties' briefs that Rose died during the pendency of this appeal. That subsequent event, dehors the record, has nevertheless rendered moot the issues pertaining to the appointment and selection of the general guardian (*see, Matter of Wellman v Surles*, 185 AD2d 464; *Matter of Foley*, 150 AD2d 884).

White, Spain and Carpinello, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.