■ In the Matter of ILENE KLASSON et al., Respondents, for the Appointment of a Guardian of the Person and Property of SYLVIA KLASSON, an Alleged Incapacitated Person. WALTER KLASSON, Appellant. [735 NYS2d 757] —Appeal from order, Supreme Court, New York County (Carol Huff, J.), entered on or about August 8, 2000, which, inter alia, granted petitioners-respondents' motion to modify an order of the same court and Justice, entered on or about February 10, 2000, by replacing appellant Walter Klasson as the guardian of the person and property of Sylvia Klasson with court evaluator Paul R. Sklar, unanimously dismissed, without costs, as moot.

It is undisputed that Sylvia Klasson died during the pendency of this appeal, thus rendering moot the issues raised relative to the appointment and selection of her guardian (*Matter of Rose BB.*, 246 AD2d 820). Concur—Nardelli, J.P., Williams, Andrias, Saxe and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RIVERA, Appellant. [735 NYS2d 757] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered July 31, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds (four counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to five concurrent terms of 7 to 14 years, unanimously affirmed.

Defendant's various challenges to police expert testimony regarding street-level narcotics transactions and to the prosecutor's comments on this testimony and on the role played by defendant in the drug transactions are unpreserved (*People v Tevaha*, 84 NY2d 879), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the brief and limited testimony concerning the roles of participants in street-level drug sales was warranted by the evidence, was relevant to issues presented in the case and was not unduly prejudicial (*see, People v Hunt*, 249 AD2d 246, *lv denied* 92 NY2d 899; *People v Lacey*, 245 AD2d 145, *lv denied* 91 NY2d 927), and that the prosecutor's statements do not require reversal. Concur—Sullivan, J.P., Rosenberger, Lerner, Rubin and Buckley, JJ.