■ In the Matter of LEE J.P. VINCENT P., Respondent. MABLE BOND, Nonparty Appellant. [847 NYS2d 110]—

In a proceeding, in effect, pursuant to Mental Hygiene Law article 81 for the appointment of coguardians for the personal needs and property management of Lee J.P., nonparty Mable Bond appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Lewis, J.), dated November 8, 2006, as directed her to pay the principal sum of $58,306.17 to the personal representative of the estate of Lee J.P., when one is appointed.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, and the provision directing the appellant to pay the subject sum of money is deleted.

The petitioner commenced this proceeding, in effect, pursuant to Mental Hygiene Law article 81 for the appointment of himself and one of his sisters as the personal needs and property management coguardians of their father, the alleged incapacitated person (hereinafter the AIP). Mable Bond (hereinafter the appellant), one of the AIP's sisters, opposed and cross-petitioned for her own appointment as the AIP's personal needs and property management guardian. The Supreme Court conducted two days of hearings, and planned a third. Prior thereto, however, the AIP died. The Supreme Court then issued an order and judgment which, inter alia, "terminated" this proceeding due to the AIP's death. In addition, because the appellant allegedly had misappropriated $58,306.17 from the AIP, the Court determined that the appellant was indebted to the AIP's estate in the principal amount of $58,306.17, and directed her to pay that amount, with interest, to the personal representative of the AIP's estate, when one was appointed. We agree

with the appellant that the latter portion of the order and judgment must be reversed.

The AIP passed away before the court appointed a guardian, thus rendering this proceeding academic (*cf. Matter of Klasson*, 290 AD2d 223 [2002]; *Matter of Rose BB.*, 246 AD2d 820, 821 [1998]). Under the circumstances presented, nothing in the Mental Hygiene Law authorized the court to proceed beyond a dismissal of the proceeding as academic (except for allowing reasonable compensation to the court evaluator and the petitioner's counsel) to direct the appellant to pay the subject sum of money. The issue may be pursued in the Surrogate's Court by the personal representative of the AIP's estate (*cf. Matter of Morrison [Wold]*, 147 Misc 2d 657 [1990]).

In light of our determination, we need not address the appellant's remaining contentions. Miller, J.P., Ritter, Santucci and Balkin, JJ., concur.