■ In the Matter of MARION C.W., a Person Alleged to be Incapacitated. LISA K. et al., Appellants; STEVEN MAGUIRE et al., Respondents. FERN FINKEL, Nonparty Respondent. (Appeal No. 1.) In the Matter of MARION C.W., a Person Alleged to be Incapacitated. LISA K. et al., Appellants-Respondents, v STEVEN MAGUIRE et al., Respondents. JPMORGAN CHASE BANK, N.A., Nonparty Respondent-Appellant; FERN FINKEL, Nonparty Respondent. (Appeal No. 2.) [923 NYS2d 558]—

In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of coguardians for the personal needs and property management of Marion C.W., the petitioners appeal from (1) an order of the Supreme Court, Kings County (Ambrosio, J.), dated July 31, 2009, which, in effect, sua sponte dismissed the petition on the ground that the guardianship proceeding had abated due to the death of Marion C.W., and (2) an order of the same court dated October 2, 2009, which, in effect, granted the separate motions of JPMorgan Chase Bank, N.A., the special guardian, counsel to Marion C.W., and the court evaluator for an award of counsel fees, and JPMorgan Chase Bank, N.A., cross-appeals, as limited by its brief, from so much of the order dated October 2, 2009, as awarded it counsel fees in the sum of only $43,695.55.

Ordered that the appeal from the order dated July 31, 2009, is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated October 2, 2009, is affirmed on the appeal by the petitioners and insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents Steven Maguire and Thomas Maguire, and the nonparty respondent Fern Finkel, appearing separately and filing separate briefs, payable by the petitioners.

The order dated July 31, 2009, which, in effect, sua sponte dismissed the petition on the ground that the guardianship

proceeding had abated due to the death of Marion C.W., the alleged incapacitated person (hereinafter the AIP), did not determine a motion made on notice and, therefore, is not appealable as of right, and we decline to grant leave to appeal (*see* CPLR 5701 [a] [2]; [c]; *Matter of Baby Girl*, 189 AD2d 763 [1993]).

The order dated October 2, 2009, inter alia, decided various motions for awards of attorney's fees. Initially, we reject the petitioners' contention that the Supreme Court was not authorized to grant the motion of JPMorgan Chase Bank, N.A., as trustee of a trust for the AIP, for payment of its counsel fees out of the trust. Much of the litigation concerned the trust, and it is proper for the court in which the trust litigation was conducted to determine the amount and source of the counsel fees for the attorneys involved in the trust litigation (*see Matter of Grosner*, 24 NY2d 789 [1969]; *Matter of Haas*, 33 AD2d 1 [1969]), as the Supreme Court did here pursuant to EPTL 11-1.1 (b).

"Long tradition and just about a universal one in American practice is for the fixation of lawyers' fees to be determined on the following factors: time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved" (*Matter of Freeman*, 34 NY2d 1, 9 [1974]). The Supreme Court has broad discretion in determining the reasonable amount to award as counsel fees in a guardianship proceeding; however, it must provide a clear and concise explanation for its award in a written decision, with reference to the above-listed factors (*see Matter of Catherine K.*, 22 AD3d 850 [2005]).

The various motions for counsel fees were carefully scrutinized by the Supreme Court, and the counsel fee awards made were based on clearly articulated and appropriate factors. Since the Supreme Court providently exercised its discretion in making the awards, we decline to disturb them (*see Matter of Annette B.*, 56 AD3d 551 [2008]).

To the extent that the order dated October 2, 2009, incorporated the findings of fact and conclusions of law made in the Supreme Court's decision dated May 26, 2009, made after the hearing on the petition for the appointment of a guardian, the issues that the petitioners raise for review with respect thereto are academic as a result of the death of the AIP (*see Matter of Lee J.P.*, 45 AD3d 774 [2007]; *Matter of Carl KK.*, 42 AD3d 704

[2007]; *Matter of Ida S.*, 1 AD3d 440 [2003]; *Matter of Klasson*, 290 AD2d 223 [2002]; *Matter of Rose BB.*, 246 AD2d 820 [1998]). Contrary to the petitioners' contention, the issues they seek to raise do not present an exception to the mootness doctrine (*see Matter of Wellman v Surles*, 185 AD2d 464 [1992]; *Matter of Foley [Messina]*, 150 AD2d 884 [1989]). Dillon, J.P., Hall, Roman and Miller, JJ., concur.