■ THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent, v TOWN OF NEW SCOTLAND, Appellant. [935 NYS2d 362]—

Stein, J.

In November 2007, the Retirement System sent defendant its annual invoice determination for employer contributions which included a charge in the amount of $10,310 for "prior years adjustment," reflecting the cost of Myers' service credit for the disputed period, plus interest. When defendant failed to make such payment, plaintiff commenced this action in October 2009 pursuant to Retirement and Social Security Law § 17 (e) to recover the amount sought. Plaintiff thereafter moved for summary judgment. Defendant opposed the motion and cross-moved for summary judgment arguing, among other things, that the action was time-barred. Supreme Court granted plaintiff's motion and denied defendant's cross motion. Defendant now appeals.

We affirm. Preliminarily, we agree with Supreme Court's determination that this action is governed by the six-year limitations period established by CPLR 213. The question of whether plaintiff's action was timely turns on when the cause of action against defendant accrued (see CPLR 203 [a]). We begin with a review of Retirement and Social Security Law § 17, the statute under which plaintiff sued. Pursuant to Retirement and Social Security Law § 17 (a), plaintiff is required to annually "determine the amount which each participating employer is required to pay to the [R]etirement [S]ystem to discharge its obligations" for the fiscal year, which amount shall include "any additional obligation, plus interest on such amount, for fiscal years preceding the current fiscal year." Notably, no limit is placed on how far back in time plaintiff may bill for such obligations.[2] The employer is then required to pay the amount specified by the later of 78 days after receipt of a statement from the Retirement System or the following February 1st (see Retirement and Social Security Law § 17 [c]). If such payment is not made, plaintiff is authorized to commence an action in Supreme Court to recover the amount due (see Retirement and Social Security Law § 17 [e]).

Here, the Retirement System sent defendant its annual

---

2. As plaintiff points out, this is consistent with plaintiff's duty to correct errors in records, whenever such errors may be discovered (see Retirement and Social Security Law § 111 [b]; see generally Matter of Graham v New York State Police & Fire Retirement Sys., 188 AD2d 826, 826 [1992]; Matter of Brosnahan v New York State Employees' Retirement Sys., 174 AD2d 954, 955 [1991], lv denied 78 NY2d 858 [1991]).

invoice in November 2007, which included the prior year's adjustment at issue. Plaintiff's cause of action accrued on or about February 1, 2008, when defendant failed to make the payment reflecting the cost of Myers' service credit for the time in question within the statutorily prescribed period. Thus, Supreme Court properly determined that this action was timely commenced. Moreover, while we recognize the potentially significant fiscal effects upon defendant due to the unanticipated obligation to pay interest computed over such a lengthy period of time, the statute clearly requires that such interest be assessed (see Retirement and Social Security Law § 16 [a]; § 17 [d]), and defendant has failed to demonstrate the existence of any authority to waive the payment thereof. Accordingly, in view of the fact that plaintiff established a prima facie entitlement to judgment as a matter of law and defendant failed to raise any questions of fact, summary judgment was properly granted to plaintiff (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324, 327 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

Defendant's remaining contentions have been considered and are unavailing.

Spain, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs. **[Prior Case History: 28 Misc 3d 1228(A), 2010 NY Slip Op 51530(U).]**