■ In the Matter of SCHENECTADY NURSING AND REHABILITATION CENTER, LLC, Doing Business as THE AVENUE NURSING AND REHABILITATION CENTRE, Appellant, v NIRAV SHAH, as Commissioner of Health, Respondent. [2 NYS3d 249]—

Rose, J. Appeal from a judgment of the Supreme Court (Elliott III, J.), entered April 16, 2013 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the amended petition.

Petitioner, a residential health care facility licensed by the Department of Health (hereinafter DOH), filed an administra-

tive appeal of respondent's determination of its Medicaid reimbursement rates from July 2007 onward. Contemporaneously, petitioner also commenced this proceeding pursuant to CPLR article 78 to annul respondent's determination and direct him to recalculate the rates based on the alleged errors identified in the petition. Supreme Court granted respondent's preanswer motion to dismiss the petition based on, among other things, petitioner's failure to exhaust its administrative remedies. Petitioner appeals.

It is well settled that an administrative agency's determination must be challenged through every available administrative remedy before it can be challenged in the courts (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *Matter of Hudson Riv. Val., LLC v Empire Zone Designation Bd.*, 115 AD3d 1035, 1037 [2014]; *Matter of Connerton v Ryan,* 86 AD3d 698, 699 [2011]). The narrow exceptions to this requirement include, as relevant here, where an administrative challenge would be futile or the petitioner can demonstrate irreparable harm (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57; *Matter of Hudson Riv. Val., LLC v Empire Zone Designation Bd.*, 115 AD3d at 1037-1038). Neither exception has been demonstrated.

Generally, challenges to the computation of Medicaid reimbursement rates are governed by Public Health Law §§ 2807 and 2808 and 10 NYCRR subpart 86-2. Specifically, petitioner's administrative appeal is subject to Public Health Law § 2808 (17) (b), which is the latest in a series of monetary caps and moratoriums that the Legislature has enacted since 1995 to limit the amount of reimbursement that DOH may issue in a given year. As relevant here, the moratorium imposes an $80 million limit per fiscal year through March 31, 2015. In administering the moratorium, respondent has the discretion to prioritize appeals based upon his consideration of which facilities are facing "significant financial hardship" and other factors deemed appropriate (Public Health Law § 2808 [17] [b]).

Petitioner argues that the statutorily imposed moratorium, as well as the voluminous backlog of appeals pending before DOH, render its administrative appeal futile and, further, it will suffer irreparable harm because its rates will remain incorrectly calculated until the end of the moratorium in 2015. Generally, however, we will not entertain a claim of futility based on delay because "adjudicatory delay by an agency does not authorize a court to intervene in an administrative proceeding before a final determination absent extraordinary circumstances" (*Matter of Fahey v Axelrod,* 152 AD2d 867, 869 [1989], citing *Matter of*

*Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 180 [1985], *cert denied* 476 US 1115 [1986]; *see Matter of Ruby Weston Manor v Commissioner of Health of the State of N.Y.,* 107 AD3d 1116, 1118-1119 [2013]). Here, instead of extraordinary circumstances, petitioner has merely demonstrated that it is subject to the same process—and the same delay—as other nursing homes seeking to appeal their reimbursement rates.

While petitioner also claims that it faces irreparable harm based on financial distress, it acknowledges that it did not seek expedited review of its administrative appeal on this basis. Instead, petitioner claims that this failure should be excused because DOH is otherwise aware of its financial condition and has failed to enact regulations to administer the moratorium as required by Public Health Law § 2808 (17) (c). To excuse petitioner's failure, however, would allow it to nullify the legislatively enacted moratorium without giving DOH an opportunity to grant petitioner the relief it seeks. Further, petitioner's claim of financial distress is conclusory and insufficient to serve as an exception to the exhaustion requirement (*see Matter of Christa Constr., LLC v Smith,* 63 AD3d 1331, 1332 [2009]; *Matter of Sylcox v Chassin,* 227 AD2d 834, 835 [1996]).

Petitioner also claims that it is entitled to have this proceeding heard prior to the determination of its administrative appeal because the statutory moratorium is superseded by the federal regulation that requires states administering Medicaid to afford nursing homes "an appeals or exception procedure that allows individual providers an opportunity to submit additional evidence and receive prompt administrative review . . . of payment rates" (42 CFR 447.253 [e]). Again, we are unpersuaded. Inasmuch as the term "prompt" is not specifically defined in the regulation, it involves a discretionary determination by DOH. Accordingly, "[p]etitioner[ ] [has] failed to establish 'a clear legal right to the relief demanded' " (*Matter of Woodside Manor Nursing Home v Shah,* 113 AD3d 1142, 1147 [2014], *lv granted* 22 NY3d 866 [2014], quoting *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 757 [1991]). Petitioner's remaining contentions have been considered and found to be unavailing.

Peters, P.J., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.