T. Paul Kane, J.
In a proceeding pursuant to article 78 CPLR, petitioner, a duly licensed physician, seeks to annul a determination by the respondent, Comptroller of the State of New York, which excluded petitioner from membership in the New York State Employees’ Retirement System, and for judgment directing his enrollment as a member of said Retirement System.
Petitioner has been performing services as a medical examiner of applicants for the New York State Civil Service Department since 1946. In this capacity he has always been remunerated on a per diem basis. The records of the New York State Department of Civil Service from the year 1955 to October 31, 1967 (records prior to the years 1955 having been destroyed) reflect services rendered on a total of 188 separate days with annual remuneration ranging from a total sum of $150 during the year 1963 in varying sums to $2,890 for the first 10 months of 1967.
In February, 1963, petitioner -was advised that the State Social Security Agency had made a favorable determination with respect to his eligibility under Federal Social Security, subject to approval by that agency, and he thereafter made the necessary payments and obtained coverage under its program pursuant to the controlling Federal-State agreement and a ruling of the Social Security Administration dated May 22, 1964 that determined petitioner an employee within the concept of the program and thus entitled to full coverage under the Federal statutes.
It is petitioner’s contention that from the afore-mentioned determinations and based upon the phraseology of various correspondence with the New York State Department of Civil Service and Department of Audit and Control, it has been established that he is an employee of the State of New York and thus entitled to membership in the State Retirement System. He cites the example of certain other per diem employees who have been accepted as members.
However, he was advised on November 27, 1967 by the office of the Comptroller of the State of New York through the Administrative Director of New York State Employees’ Retire- *638 meat System that his application for membership in the System was not approved, citing the reason therefor as the application of subdivision g of section 40 of the Retirement and Social Security Law. Subsequent correspondence also mentioned subdivision f of section 40 of said law, which does not apply to the factual situation presented.
Subdivision g of section 40 of the Retirement and Social Security Law reads as follows:
11 g. As to any class of persons whose compensation is only partly paid by the state or a participating employer or who are serving on a temporary or other than per annum basis, the comptroller, in his discretion, may:
“ 1. Deny the right to become members, or “ 2. Make optional the individual entrance of those whose membership otherwise would be mandatory. * ’
Whether petitioner is an employee or an independent contractor is of little moment in light of the clear wording of the statute. There is no question but that he was paid on a per diem basis, or on “ other than per annum basis Consequently, the Comptroller in the exercise of the broad discretion given him under the statute could properly exclude petitioner from membership in the system, notwithstanding the determination or opinion of any other Federal or State agency or the representatives thereof.
Upon review of the determination made this court cannot substitute its judgment for that of an administrative agency [Matter of Barry v. O’Connell, 303 N. Y. 46; Matter of Fink v. Cole, 1 N Y 2d 48; Matter of Stracquadanio v. Department of Health of City of N. Y., 285 N. Y. 93). It can only interfere if the determination made is arbitrary or capricious and it cannot measure performance by standards adopted in other individual cases. If the factual situation places petitioner within the statute (Retirement and Social Security Law, § 40, stibd. g), the ruling is not reviewable in this court. Petition is dismissed.