█ In the Matter of JULIUS P. SENAPOLE, Petitioner, v FREDERICK G. FIELD, JR., as Supervisor of the Town of Colonie, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for retirement credit from May 20, 1975 through December 31, 1976. Subsequent to a hearing held on October 29, 1979, the State Comptroller determined that the retirement credit sought by petitioner for the period of time he served as "Clerk of the Works" for the Town of Colonie (from May 20, 1975 through Dec. 31, 1976) should not be allowed because he was an independent contractor and not an employee of the town during that period. Petitioner was credited with the time he had been employed by the Department of Labor from March, 1974 until May 20, 1975, when he became the owner's representative for the Town of Colonie in connection with the construction of the town library. In the main, petitioner's duties were to insure that the work performed by the contractors conformed to specifications, and to act as liaison between the contractors and the architect. Petitioner was required to submit a voucher every two weeks for

services rendered in order to be compensated at the orally agreed compensation of $15,000 per year. He was not, however, part of the town payroll and neither he nor the town contributed to the retirement system during this period. Petitioner admitted knowing from the receipt of his first check that no payroll deductions were being made to the retirement system or for Social Security; and at the end of the first year petitioner received a "W-2" form that was used for reporting income of "non-employees", the same form that the contractors on the project received, which he admits gave him notice that the town considered him an independent contractor. Additionally, no records were kept of the time he spent on the construction site. Petitioner had no superior who supervised his duties. He was required to report to the town supervisor as to the progress of the work. In these circumstances, substantial evidence supports the Comptroller's determination that petitioner was an independent contractor and not an employee of the town. Therefore, the determination should be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Yesawich, Jr., JJ., concur.