■ In the Matter of AUSTIN ERWIN, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State Comptroller which denied petitioner's application to the State Employees' Retirement System for member service credit. Having served three years as Livingston County Surrogate, Family Court and County Court Judge

and then 14 years as a Supreme Court Justice, petitioner retired in December of 1979 and thereupon filed with the State Employees' Retirement System a "supplemental statement of services" seeking member service credit for the period from August of 1952 to February of 1962 during which time he allegedly served as Town Attorney for the Town of Geneseo. When the Retirement System later denied his application on the ground that petitioner was neither an officer nor an employee of the town during the period at issue, petitioner requested and was granted a hearing on the matter before respondent State Comptroller. At the hearing, petitioner effectively abandoned his claim for credit for the years 1952 through 1954 by requesting a determination only with respect to the years 1955 through 1962. Based upon findings that the town's annual lump-sum disbursements to petitioner were made specifically for services actually rendered and that no payroll deductions for taxes were withheld therefrom, respondent ultimately ruled that petitioner was an independent contractor during the time in question. Accordingly, his application for member service credit was denied, and the instant article 78 proceeding was commenced and transferred to this court. The challenged determination should be confirmed. Upon the present record it appears that the town never formally established the office of town attorney under section 20 (subd 2, par [a]) of the Town Law, but rather employed petitioner pursuant to section 20 (subd 2, par [b]) of the Town Law and paid him varying amounts of money for legal services actually rendered while concededly making no deductions of any kind from his compensation. Given these circumstances, even conceding that contrary evidence was also presented suggesting that petitioner may have been an employee of the town, we can only conclude that substantial evidence supports respondent's determination that petitioner was an independent contractor. Such being the case, the determination should not be disturbed (see, e.g., *Matter of Maso v Regan,* 81 AD2d 734). Determination confirmed, and petition dismissed, without costs. Main, J. P., Yesawich, Jr., and Levine, JJ., concur.

Mikoll and Weiss, JJ., dissent and vote to annul in the following memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent. The record demonstrates that petitioner was "employed" by the town pursuant to section 20 (subd 2, par [b]) of the Town Law and paid varying sums for legal services rendered by him over the years in dispute. The Comptroller's conclusion that petitioner was an independent contractor and not an employee of the town lacks a rational basis and is not supported by substantial evidence on this record. Petitioner was designated as the Town Attorney for the Town of Geneseo by legislative acts of its town board. The first such designation was by a resolution adopted January 7, 1955. Several other similar appointing resolutions followed on January 13, 1956, January 9, 1958, and January 12, 1961. As the designated town attorney, petitioner was responsible for all the legal work of the town on a continuing, on-going basis. He worked under the supervision and control of the town board insofar as the work of a lawyer as a professinal person permits. In performing his legal work, the town board gave him directions concerning the details of contracts and easements which he prepared for the town. The board also instructed petitioner as to the contents of ordinances affecting zoning, bingo, junk yards and trailers. As part of his regular duties as town attorney, he was available for consultation with the board, the town clerk and the town superintendent of highways, and advised them about legal matters incidental to their work as requested. While it is true that petitioner was paid on a lump-sum basis for his work each year, it is significant that respondent has specifically approved the use of the lump-sum method of payment upon submission of vouchers in an opinion rendered in

1980 when respondent ruled that such procedure in and of itself did not make employees independent contractors (Opns St Comp, 1980, p 792). In reaching his determination in this case, it appears that the Comptroller has placed excessive emphasis on the lump-sum method of payment to the exclusion of other persuasive evidence that petitioner was an employee of the town for retirement system purposes and is, therefore, entitled to be credited with membership in the system during the years in dispute (see *Matter of Barnett v Levitt,* 66 AD2d 980, 980-981). Further evidence of petitioner's status is found in the affidavit of William P. Wadsworth, who was a member of the town board during the years in question. He stated that petitioner filled the position of town attorney as an employee of the town from 1952 to 1962, that he worked pursuant to instructions from the town board and worked upon such legal matters as he was directed. This record conclusively demonstrates that petitioner's employment status with the Town of Geneseo was that of an employee and not an independent contractor (see *Matter of Morton,* 284 NY 167). The town board exercised the necessary degree of direction and control over petitioner in the performance of his legal work to meet the test established in *Matter of Morton (supra,* p 172). The determination should be annulled.