■ In the Matter of LYNN SITRIN, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for retroactive service credit in the New York State Employees' Retirement System. Following a hearing held on May 16, 1980, the State Comptroller determined that the service credit and retroactive membership in the State Employees' Retirement System sought by petitioner for the period of time she served as a consultant for the Education Department (from March 21, 1972 to February 28, 1973 and from March 5, 1973 to June 11, 1975) should not be allowed since she was an independent contractor and did not qualify for any of the retirement classifications set forth in section 40 of the Retirement and Social Security Law. In this proceeding, petitioner argues that her status was that of an employee, not an independent contractor. She was retained to assist in a program funded by the Federal Government for educationally disadvantaged children under the Elementary and Secondary Education Act (ESEA) (US Code, tit 20, ch 24). She testified that her functions in assessing school district applications were essentially the same as those performed by "classified" civil service employees at the Education Department; that she was under the direct supervision of one William Flanagan, the ESEA bureau chief in up-State New York, himself a State employee; that she was required to work specific hours with specific duties; that she utilized the State's clerical staff and was provided with State equipment, including a telephone service and a State vehicle when necessary; and that she was refused permission to engage in work outside her employment at the Education Department. During the relevant period, petitioner was informed by the personnel office of the Education Department that she was ineligible for benefits under the retirement system. She pointedly notes that after her appointment to a provisional civil service position on June 5, 1975, her duties remained essentially unchanged. On February 6, 1979, pursuant to petitioner's inquiry for Social Security benefits, the United States Department

of Health, Education and Welfare/Social Security Administration advised her that while she was an employee with the State of New York, benefits would be withheld for the period prior to June 5, 1975 since she was not a member of the employees' retirement system until that date. That determination occasioned the instant request for service credit and retroactive membership in the retirement system. By way of contrast, the record also contains indicia supportive of an independent contractor relationship. Petitioner concedes that she was given the title "Consultant" and did not enjoy civil service classification. Significantly, she was paid on a per diem basis, submitting a voucher every two weeks for services rendered. No payroll deductions were made to the retirement system or for Social Security. Nor did she accrue sick leave or vacation time. Although petitioner testified that she had a supervisor, she concedes she made the final determinations as to whether school district applications for Federal funds would be approved, which decisions were not subject to review. In fact, her approval resulted directly in the issuance of Federal funds to a school district. Based on these assessments, the Comptroller determined that petitioner was an independent contractor and thus not entitled to service credit (see *Matter of Hartmann v Tremaine,* 250 App Div 188; 1955 Opns Atty Gen 156). The Comptroller has exclusive authority to determine all applications for any form of retirement or benefits (Retirement and Social Security Law, § 74, subd b). The extent of our review is limited to whether the decision is rational and is supported by substantial evidence (*Matter of Sica v New York State Employees' Retirement System,* 52 NY2d 941, affg on opn below 75 AD2d 927). In the circumstances presented, we find substantial evidence supporting the Comptroller's determination that petitioner was an independent contractor and not an employee of the State (see *Matter of Senapole v Field,* 88 AD2d 1012). While different inferences might be drawn from the proof presented, this determination was for the Comptroller to resolve. Even beyond the issue of employment status, it is clear that the Comptroller was authorized to exclude petitioner from membership in the system since she was paid on a per diem basis, or on "other than per annum basis" (Retirement and Social Security Law, § 40, subd g; *Matter of Lieber v Levitt,* 56 Misc 2d 636). This is not an instance where the sole basis for denial of membership credit has been the fact of payment by voucher (cf. *Matter of Barnett v Levitt,* 66 AD2d 980). This court has recently held that even if contrary evidence may be present which strongly supports an employee relationship, where the Comptroller's determination is supported by substantial evidence of an independent contractor relationship, it should not be disturbed (*Matter of Erwin v Regan,* 89 AD2d 753). Accordingly, the determination should be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.