■ In the Matter of ANTHONY V. BARBIERO, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to annul a determination of the State Comptroller which denied petitioner's application for retirement service credit in the New York State Employees' Retirement System from 1972 to the present. Since January, 1972, petitioner has served as attorney for the Elmont Fire District, a part-time position. Following a hearing, the Comptroller concluded that petitioner's duties for the district were those of an independent contractor rather than an employee; therefore, he was not entitled to the service credit sought (see *Matter of Sitrin v Regan,* 90 AD2d 583; *Matter of Hartmann v Tremaine,* 250 App Div 188). As there is substantial evidence to support this determination, we confirm. The indicia of an independent contractual arrangement are plentiful. Petitioner set his own working hours, which varied on a weekly basis depending upon the projects which the fire commissioner requested him to undertake. No one supervised his work or delineated the manner in which it was to be performed; rather his work product was "subject to the approval" of the commissioners. At all times, petitioner used his own office and personal staff, which was hired for his private law practice, to perform the district functions required of him. Payroll deductions were not made from petitioner's salary; however, such deductions are uniformly made

for those deemed by the district to be "employees". Finally, the absence of any statutory office of counsel militates against the contention that petitioner was an employee. On this evidence, the Comptroller's finding that petitioner was an independent contractor, unentitled to benefits, was obviously rational (see *Matter of Erwin v Regan,* 89 AD2d 753, affd 58 NY2d 722; *Matter of Senapole v Field,* 88 AD2d 1012). Petitioner also challenges the statutory foundation for the proposition that an independent contractor is ineligible for membership in the retirement system. Pointing to the language of section 40 (subd c, par 3) of the Retirement and Social Security Law, which authorizes membership to "[a]ny other person in the service of the state or a participating employer", he argues that even if his status be that of an independent contractor, membership is statutorily permissible for he is a person in the service of a participating employer. Even if we were to entertain this premise, petitioner would still not qualify, for to do so he must have performed "[a]llowable service" (Retirement and Social Security Law, § 41, subd b) and the only type of "[a]llowable service" arguably applicable to petitioner would be "[g]overnment service", which is defined in section 2 (subd 11, par a) of the statute as "[s]ervice as an officer or employee of an employer". Because petitioner is neither an officer nor an employee of the fire district, membership in the system is unavailable to him. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.