■ In the Matter of AUGUST J. GINOCCHIO, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for credit for military service and allowed only one-third service credit for the period June 1, 1967 to June 30, 1978 in the calculation of his retirement benefits.

Petitioner was employed in a clerical position with the City of New York from January 10, 1939 to April 30, 1946, during which time he was a member of the New York City Employees' Retirement System. This employment was interrupted by a period of military service from May 2, 1942 to October 30,

1945. During the time he served with the city, petitioner made regular contributions to the City Retirement System. However, petitioner did not make such contributions during the time he was in the military. In May 1946, when petitioner left his position with the city to enter private employment, he withdrew his retirement contributions.

Subsequently, petitioner became an attorney and, on July 1, 1967, he was appointed as counsel to the North Babylon School District, a position he has held continuously to this time. Upon assuming this position, petitioner joined respondent New York State Employees' Retirement System. The duties of the counsel position were defined by annual retainer agreements which provided for an annual fee. More complicated or unusual legal services were performed for a negotiated fee based upon an hourly rate and were paid by the use of vouchers. Beginning with the 1978-1979 school year, the parties entered into a different compensation agreement which provided that substantially more duties, which had previously been the more complicated matters, were required pursuant to the retainer agreement. In recognition of this, the retainer fee was significantly increased.[1] As a result, the nonretainer work and related billings were greatly reduced. The purpose for the change was apparently to aid the school district's budgetary process by making its fees for legal services more predictable. As a result of the change, neither the time petitioner devoted to his duties on behalf of the school district, nor the over-all compensation, changed significantly.[2]

In 1979, petitioner sought to "buy back" credit for the time he was employed by the City of New York. By letters dated May 30, 1979 and January 17, 1980, the State Retirement System informed petitioner that he could receive "credit" for his employment from January 10, 1939 to April 30, 1946 by paying a total of $385.02 in arrears. Petitioner made payment soon after he was notified.

In 1983, petitioner sought a "retirement estimate". By letter dated December 21, 1983, the State Retirement System noti-

---

1. The retainer fees were as follows:

| School years | 1967-1969 | $ 3,500 |
| School years | 1969-1978 | 7,500 |
| School years | 1978-1984 | 25,000 |
| School years | 1984-1985 | 27,500 |
| School years | 1985-present | 34,000 |

2. The total compensation for the 1977-1978 school year was $24,122.85. The total compensation for the first year under the new billing system was $29,182.64.

fied him that he would not be credited with the time he served in the military from October 1942 to November 1945. He was also notified that, with regard to the time he served as attorney for the school district from 1967 to June 1978, he would only be credited with one-third time because it was determined that he had been working part time. Petitioner requested a hearing, after which the Comptroller upheld the initial determination. Petitioner commenced this CPLR article 78 proceeding seeking review of the decision. The proceeding has been transferred to this court for disposition.

We turn first to petitioner's contention regarding credit for his military service. Pursuant to Military Law § 243 (4), petitioner had the option of continuing to make contributions to the City Retirement System while he was in the military, thereby receiving credit for such time. Petitioner chose not to elect this option and did not make contributions. Further, petitioner could have "bought back" this time by electing to pay such contributions within five years after he returned to service with the city (Military Law § 243 [4]). Petitioner never elected to do so. Thus, it is clear that petitioner could not properly be credited with the time he spent in the military. Petitioner does not seriously challenge this, but argues that, because the State Retirement System notified him on May 30, 1979 and January 17, 1980 that it had been determined that he may receive credit for his employment for the period from January 10, 1939 to April 30, 1946 by paying a total of $385.02, the State Retirement System should be estopped from denying him credit for the time in the military. To determine whether this notification actually authorized credit for the military time would be an exercise in semantics. Even assuming that petitioner is correct, the statute mandates that the State Retirement System correct its mistakes (Retirement and Social Security Law § 111), and it is not estopped from doing so because of errors committed by its officials (see, *Matter of Galanthay v New York State Teachers' Retirement Sys.*, 50 NY2d 984). Thus, petitioner's contention must be rejected. We note that it appears from the record that the $385.02 which petitioner paid to buy back time only related to time actually served with the city. Obviously, if that amount pays in part for the time in the military, petitioner would be entitled to a refund since he is not being credited for that time.

Next, petitioner challenges the determination that he was only entitled to one-third time for his service from 1967 to 1978. In making his determination, the Comptroller concluded that the small retainer fee from 1967 to 1978 and the substan-

tial increase in the retainer fee after 1978 indicate that petitioner was working part time until 1978 and full time thereafter. The Comptroller has exclusive authority to determine applications for all forms of retirement benefits (Retirement and Social Security Law § 74 [b]), and the extent of our review is limited to whether the decision is rational and supported by substantial evidence in the record *(Matter of Sitrin v Regan,* 90 AD2d 583, 584, *lv denied* 58 NY2d 605).

Fractional credit for part-time service is an allowable determination for the Comptroller *(Matter of Bayles v New York State Employees' Retirement Sys.,* 24 AD2d 96, 98, *lv denied* 17 NY2d 420). Also, service credit is available only to employees, not independent contractors *(see, Matter of Barbiero v New York State Employees' Retirement Sys.,* 92 AD2d 1078; *Matter of Sitrin v Regan, supra; Matter of Erwin v Regan,* 89 AD2d 753, 754, *affd* 58 NY2d 722). In the instant case, the Comptroller found that petitioner was indeed an employee, rather than an independent contractor. The issue is whether he properly found petitioner's service prior to 1978 to be part time.

Petitioner relies heavily on the fact that his over-all compensation did not change significantly after 1978. While the form of compensation is not determinative *(see, Matter of Barnett v Levitt,* 66 AD2d 980), it is indicative of petitioner's status as an employee or independent contractor. The Comptroller found that petitioner was an employee with regard to the retainer services prior to 1978. Regarding the nonretainer services performed before this time, the facts support the Comptroller's conclusion that he was an independent contractor. Petitioner was paid by voucher on a per diem basis, no payroll deductions were taken, no vacation or sick leave was accrued and petitioner supervised his own work and set his own hours. Thus, it was not irrational for the Comptroller to conclude that, prior to 1978, petitioner was both a part-time employee and an independent contractor. Further, a comparison of the retainer fee before and after 1978 supports the one-third credit figure arrived at by the Comptroller.

Since the Comptroller's findings are supported by substantial evidence and his conclusions are not irrational, the determination must be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.