Requestor: Hon. Matthew T. Crosson, Chief Administrator of the Courts Office of Court Administration 270 Broadway New York, New York 10007
Written by: Robert Abrams, Attorney General
Your counsel has asked whether the Unified Court System is required to provide the peace officer training mandated by section 2.30 of the Criminal Procedure Law for marshals and deputy marshals of city courts.
By way of background, we note that each city court has an enforcement officer who has the power to serve and execute its processes and mandates. For the New York City Civil Court, the enforcement officer is the city marshal (NY City Civil Court Act, §§ 1601, et seq.). City courts other than the New York City Civil Court are governed by the Uniform City Court Act, which makes the county sheriff the enforcement officer (Uniform City Court Act, § 105[b]).
Section 105 of the Uniform City Court Act also contains a grandfather clause which gives city officials the authority to appoint enforcement officers in lieu of the sheriff if that was the practice prior to June 1, 1988.* In many of these instances the city's charter (or some other local enactment) creates the position of city marshal. The duties and responsibilities of the city marshals are also established by these local enactments. A sample city charter provision which you have forwarded to us describes the general powers of the city marshal in the following way:
 "General powers; duties and liabilities of marshals. The authority of a marshal extends throughout the county . . . Except as otherwise prescribed in this act or in the rules, every execution, order of arrest, warrant of attachment, requisition to replevy, warrant of seizure, or other mandate of the court shall be served and executed by a marshal and all provisions of law relating to the powers, duties and liabilities of sheriffs in like cases and in respect to the taking and restitution of property, shall apply to marshals. Every marshal shall keep a record of his official acts and in such manner as shall be prescribed by the judges".
Under this charter, the marshal receives no salary or other funding from the city. The expense of operating the marshal's office, including the marshal's salary, comes from the fees and disbursements collected by the marshal pursuant to the CPLR (see CPLR §§ 8012, 8013, 8014; 1983 Op Atty Gen [Inf] 174).
You have informed us that in some localities, the city marshal maintains his or her own office space, separate and apart from any government office building. These marshals employ their own support staffs and withhold taxes, pay unemployment insurance, workers' compensation and other such expenses on behalf of these employees.
It appears that city marshals are not eligible for membership in the Tier III retirement plan. Inasmuch as Tier III is open only to State and local salaried employees, city marshals, not being salaried, are not eligible for membership in Tier III (Retirement and Social Security Law, §§600, 601; see Matter of Barbsero v NYSERS, 92 A.D.2d 1078 [3d Dept, 1983]; 1955 Op Atty Gen 156).
Finally, we note that under the charter provisions forwarded to us, city marshals are supervised by the judges of the city court and are subject to removal and supervision by those judges following a hearing.
Under the Criminal Procedure Law, city marshals are classified as peace officers (CPL, § 2.10[21][d])*. Section 2.30 of the Criminal Procedure Law imposes a training requirement on all peace officers in New York State who are appointed after September 1, 1980. The training program is prescribed in part by the Municipal Police Training Council and in part by the peace officer's employer (CPL, §2.30[1]). The responsibility for providing the training belongs to the employer:
 "Each state or local agency, unit of local government, state or local commission, or public authority, or public or private organization which employs peace officers shall provide the training mandated by this section . . ." (CPL, § 2.30[1]).
Your question is whether city marshals are considered to be in the employ of the Office of Court Administration making OCA liable for the costs of providing the marshals with the requisite training.
The Court of Appeals has found that city marshals are independent contractors (Matter of Unified Court System, State of New York vRoberts, 58 N.Y.2d 876 [1983]). In Roberts, the Industrial Commissioner assessed the Unified Court System for unemployment insurance benefits which were being paid to New York City marshals whose statutory term of office had expired. The Court, relying on the dissenting opinion of Justice Yesawich in the Appellate Division, concluded that the State was not liable for the unemployment insurance benefits because the city marshals were independent contractors, not employees (Roberts, supra,58 N.Y.2d at 878). As noted by Justice Yesawich in his dissenting opinion, the relationship between a city marshal and the city is unique, and not fairly characterized as "employment":
 "It seems obvious that city marshals who maintain their own offices, employ their own staff, pay their own expenses, set their own schedules, derive their own income from fees, and over whom the state lacks any control whatsoever respecting the manner in which their work is to be performed possess all the classic indicia of independent contractors. To hold otherwise defies reality . . ." (Roberts, 88 A.D.2d at 718).
The Court of Appeals also found:
 "We hold, further, that city marshals are local not state officers (see Public Officers Law, § 2), appointed by the mayor, not paid by the State, and who, if they could be deemed `employees' of any governmental body, would, under the Unified Court Budget Act (Judiciary Law, § 39, subd 3, par [c]), remain employees of the city, not of the State" (Roberts, supra, 58 N.Y.2d at 878).
In our view, the city is the employer of city marshals for purposes of the training requirements in section 2.30 of the Criminal Procedure Law. While city marshals have characteristics of independent contractors, the Court of Appeals has held that they are local officers (Roberts, supra, 58 N.Y.2d at 878). Further, the position of city marshal and the duties and responsibilities of this office are established by city charters.
We conclude that city marshals are not employees of the Unified Court System, and, therefore, the Unified Court System is not liable for the cost of their training under section 2.30 of the Criminal Procedure Law.
* Section 105 provides, in relevant part, as follows:
"The enforcement officer of a city court shall be the sheriff of the county in which such court is located; provided, however, in each city where, on June thirtieth, nineteen hundred eighty-eight, public officers thereof were authorized to designate the enforcement officer of the city court established therein, such public officers may continue to exercise such authority and to designate another person or officer as enforcement officer in lieu of the sheriff. The enforcement officers of the court shall perform the same duties as are performed by sheriffs in the supreme court and shall have, within their territorial jurisdiction and subject to any limitations imposed by this act or by other provision of law, such power to serve and execute the processes and mandates of the court as a sheriff has with regard to the processes and mandates of the supreme court. They shall also have, within their territorial jurisdiction, all of the powers in criminal matters of a constable of a town in the state of New York" (Uniform City Court Act, § 105[b]).
* For city marshals of city courts other than New York City, however, the classification as peace officer does not include authorization to carry a firearm (ibid.). New York City's marshals are treated somewhat differently. Only city marshals of the City of New York who have received firearms training are classified as peace officers under the Criminal Procedure Law (CPL, § 2.10[33]).