■ In the Matter of EDWARD R. YOUNG, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York and Administrative Head of New York State Employees Retirement System, Respondent. [678 NYS2d 163] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for retirement system service credit for certain legal services he rendered as a Village Attorney.

Petitioner was employed as the Village Attorney for the Village of Lindenhurst, Suffolk County, from 1978 to 1988. Petitioner was paid a retainer, in the approximate amount of $6,500, for working on a part-time basis, for four hours during weekday afternoons. In addition, the Village budget provided funds to allow petitioner to do additional work and be paid on an hourly basis. The Village submitted to the State Retirement System forms indicating that petitioner worked an equivalent of 60 days per year for much of his decade of employment. Petitioner claimed that this figure was erroneous, that he worked an equivalent of 200 days per year, every year, and should receive service credit accordingly. Petitioner received service credit for a total of 2.48 years of service as reported by the Village; however, his request for service credit for the additional days was denied. After a hearing on petitioner's application, respondent determined that with respect to the additional services petitioner provided, petitioner worked as an independent contractor, not as an employee, and his application for additional service credit was denied. Petitioner commenced this CPLR article 78 proceeding to challenge that determination. We confirm.

Service credit, while available for part-time employment, is available only to employees, not independent contractors (*see, Matter of Ginocchio v New York State Employees' Retirement Sys.*, 136 AD2d 789, 792). Petitioner was awarded service credit for the time that he worked as Village Attorney and was paid by retainer, pursuant to his contract with the Village. Petitioner was paid for his additional work by vouchers, some of which

were made payable directly to petitioner while others were payable to his law firm. The Village's administrator stated that in regard to the extra services rendered by petitioner, he was a "professional 'vendor' who was paid for specific legal services he performed for the village beyond the scope of his retained responsibilities". The record also indicates that for this additional work, petitioner was paid on an hourly basis and none of the usual employee deductions were taken from these payments. Generally, this additional work was performed in petitioner's law office and petitioner used his legal staff from his office. In light of these factors, substantial evidence supports the determination that in regard to the extra work petitioner rendered to the Village, he was acting as an independent contractor rather than an employee and was not entitled to the service credit that he requested (*see, Matter of Martineau v McCall*, 217 AD2d 847, *lv denied* 86 NY2d 711; *Matter of Mancuso v Regan*, 190 AD2d 948; *Matter of Barbiero v New York State Employees' Retirement Sys.*, 92 AD2d 1078). Having reviewed petitioner's remaining contentions, we find them lacking in merit. Accordingly, the determination is confirmed.

Cardona, P. J., White, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.