■ In the Matter of CHARLES DONER, Petitioner, v COMPTROLLER OF THE STATE OF NEW YORK et al., Respondents. [691 NYS2d 659] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for service credits in the New York State and Local Employees' Retirement System.

Petitioner worked as a painter for the Watertown Housing Authority from January 1966 through March 1992. He became a member of the New York State and Local Employees' Retirement System in August 1967. In 1993, petitioner applied to the Retirement System for retirement benefits listing January 10, 1966 through March 16, 1992 as his dates of service. In connection therewith, the Authority advised the Retirement System that it considered petitioner an independent contractor for the years subsequent to July 1987, and provided a "Monthly Salary and Service Certification" form setting forth petitioner's salary as an employee for the years 1966 through July 1987. Thereafter, the Retirement System found that petitioner was entitled to retirement credits from 1967 through July 1987 but not for subsequent years because he was an independent contractor. Petitioner applied for a redetermination of service credits and, after a hearing, a decision was rendered on behalf of respondent Comptroller denying the application on the ground that petitioner was an independent contractor during the last five years that he worked for the Authority.

Petitioner commenced this CPLR article 78 proceeding challenging the Comptroller's determination. In their answer, respondents interposed an objection in point of law seeking dismissal of the petition for failure to join the Authority as a necessary party. Supreme Court determined that the matter could go forward without the Authority and transferred the proceeding to this Court.

Initially, we find that Supreme Court did not abuse its discretion in declining to dismiss the petition based upon petitioner's failure to join the Authority. CPLR 1001 (a) defines necessary

parties as those "who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action". This Court has noted that when the interests of the nonjoined party and a party who has been joined " 'stand or fall together' (*Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716, *affd* 78 NY2d 935) thereby diminishing any potential prejudice" (*Matter of Awad v State Educ. Dept.*, 240 AD2d 923, 925; *see, Matter of Storrs v Holcomb*, 245 AD2d 943, 945), joinder may be excused (*see, e.g., Matter of Zubal v Ambach*, 103 AD2d 927, 929).

In the instant case, we note that respondents have an interest in ensuring that petitioner receives retirement benefits based only upon credits to which he is entitled. This interest is identical to the interest of the Authority. Respondents have actively participated in this proceeding in a manner consistent with the Authority's interest. Therefore, the Authority has not been significantly prejudiced by nonjoinder. Although it would have been a better practice to join the Authority, under the particular circumstances presented, we find no basis for disturbing Supreme Court's decision to allow the proceeding to go forward in the absence of the Authority.

Turning to the merits, we note that the Comptroller is charged with the duty of determining applications for retirement benefits and his findings in that regard will be upheld if rational and supported by substantial evidence (*see, Matter of Nigro v McCall*, 218 AD2d 846, 847; *Matter of Belemjian v Regan*, 199 AD2d 770, 771). It is well settled that, for purposes of calculating retirement benefits, service credit is available only to employees, not independent contractors (*see, Matter of Mancuso v Regan*, 190 AD2d 948, 949; *Matter of Ginocchio v New York State Employees' Retirement Sys.*, 136 AD2d 789, 792).

In the case at bar, petitioner's responsibilities entailed painting apartments maintained by the Authority and his remuneration varied depending upon the size of the apartment. Petitioner scheduled his work hours when the tenants were out of their apartments. The Authority provided the paint and other equipment. Furthermore, the work was inspected by the Authority after completion. From 1967 through part of 1987, the Authority paid petitioner as an employee issuing W-2 statements and withholding taxes. Sometime in 1987, that policy changed and the Authority began issuing petitioner 1099 forms instead of the W-2s. Petitioner testified that when the Authority altered the manner of payment, it informed him that he

was self-employed. Invoices prepared by the Authority between 1987 and 1992 revealed that the painting was performed by petitioner "per contract". Furthermore, petitioner reported his earnings as business income rather than wages on certain tax forms filed between 1987 and 1992 and also took deductions for certain business expenses.

In our view, the foregoing provides substantial evidence supporting the Comptroller's conclusion that petitioner was an independent contractor during the relevant time period (*see, Matter of Young v McCall*, 253 AD2d 997; *Matter of Ginocchio v New York State Employees' Retirement Sys., supra*, at 792). The fact that the Internal Revenue Service and the Unemployment Insurance Appeal Board may have reached a different conclusion in separate administrative proceedings does not compel a contrary result here (*see, Matter of Keller v Regan*, 212 AD2d 856, 858).

Peters, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.