█ In the Matter of JOHN P. FERNANDEZ, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS et al., Respondents. [793 NYS2d 286]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for a recalculation of his retirement benefits.

Petitioner, a physician, provided services to the Orleans County Nursing Home and the Orleans County Jail from 1971 until his retirement in 1999, at which time he applied for retirement benefits. Respondent Comptroller rejected petitioner's request to include the years 1996 through 1999 in the calculation of his final average salary and petitioner requested a hearing and redetermination. After a hearing, the Hearing Officer

determined that petitioner was an independent contractor during the time period in question and, as such, the compensation he received could not be included in the calculation of his final average salary. The Comptroller adopted the Hearing Officer's findings and conclusions. Thereafter, petitioner commenced this CPLR article 78 proceeding to challenge the Comptroller's determination.

Inasmuch as there is substantial evidence in the record to support the Comptroller's determination, we confirm (*see Matter of Doner v Comptroller of State of N.Y.*, 262 AD2d 750, 752 [1999]; *see also* Retirement and Social Security Law § 74 [b]). Notably, the record reveals that, prior to the time period in dispute, Orleans County stopped withholding taxes from petitioner's paychecks, issued him 1099 tax forms rather than W-2 wage statements, required him to turn in monthly vouchers and required him to sign annual contracts for each of his positions, which had to be approved by the Orleans County Legislature. Each contract specifically stated that petitioner was an independent contractor and emphasized the express intention of the parties to not create an employer-employee relationship. Moreover, petitioner did not accrue sick or vacation leave and was not eligible to receive workers' compensation, unemployment or Social Security benefits through the County. Thus, despite the existence of evidence which could reasonably support a contrary result, the Comptroller's determination that petitioner was an independent contractor during the time period in dispute will not be disturbed (*see Matter of Brosnahan v New York State Employees' Retirement Sys.*, 174 AD2d 954, 956 [1991], *lv denied* 78 NY2d 858 [1991]; *Matter of Sitrin v Regan*, 90 AD2d 583, 584 [1982]).

Mercure, J.P., Crew III, Peters and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.