■ In the Matter of MORTON A. COHEN, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [916 NYS2d 659]—

Peters, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for additional pension service credits.

Petitioner was employed as an Administrative Law Judge (hereinafter ALJ) serving as a hearing examiner for the New York City Parking Violations Bureau (hereinafter NYCPVB) from 1998 to 2006. In 2007, having since become a member of respondent, petitioner applied to "buy back" his service time with the NYCPVB, among other agencies. After his application for service credit for his time with NYCPVB was denied, petitioner requested a redetermination and a hearing was held. Following such hearing, a Hearing Officer found that petitioner failed to establish entitlement to prior service credit for his service with the NYCPVB and denied his application. The Comptroller accepted the Hearing Officer's findings and conclusions, prompting this CPLR article 78 proceeding.

Retirement and Social Security Law § 609 (b) (1) provides that "[a] member shall be eligible to obtain retirement credit hereunder for previous service with a public employer . . . if such service . . . would have been creditable in one of the public retirement systems of the state." Therefore, petitioner's entitlement to prior service credit is dependent on whether he was eligible for membership in the New York City Employees' Retirement System (hereinafter NYCERS). Administrative Code of the City of New York § 13-104 (1) provides, in relevant part, that membership in NYCERS "shall consist of . . . [a]ll persons in city-service." "City-service" is defined as "service, whether

appointive or elective, as an *officer or employee* of the city or state of New York . . . so far as such service is paid for by the city" (Administrative Code of City of NY § 13-101 [3] [a] [emphasis added]). Vehicle and Traffic Law § 236 (2) (d) provides, in pertinent part, that "hearing examiners [of a parking violations bureau] shall not be considered *employees* of the city in which the administrative tribunal has been established" (emphasis added).

Here, while substantial evidence supports the finding that petitioner was not an "employee" of the City of New York,* we are constrained to reverse the Comptroller's determination and remit the matter for further findings of fact because the Hearing Officer failed to address petitioner's claim that he was eligible for prior service credits as an "officer." In concluding that petitioner was not entitled to prior service credits, the Hearing Officer relied on Vehicle and Traffic Law § 236 (2) (d) and testimony from Marrianne Miller, an Assistant Director of Member Services for respondent whose unit was responsible for calculating retirement service credits. Miller explained that the decision to deny petitioner service credits was based upon an internal policy memorandum of respondent as well as a memorandum from the New York City Law Department, both of which conclude—based upon the language of Vehicle and Traffic Law § 236 (2) (d)—that an ALJ for the NYCPVB is not considered an employee of the City of New York. As previously noted, however, an individual is eligible for membership in NYCERS, and thus entitled to obtain prior service credit, if he or she was an employee *or* officer of the City of New York (*see* Administrative Code of City of NY § 13-101 [3] [a]). Petitioner specifically argued that, even if not an "employee," he should be considered an "officer" of the City of New York due to the powers, duties and overall nature of his position as a hearing examiner with the NYCPVB. He also proffered an opinion of the Conflicts of Interest Board as well as two opinions by the City of New York

---

* Although petitioner submitted cases from the Unemployment Insurance Appeal Board and Division of Tax Appeals, both of which deem an ALJ for the NYCPVB to be an "employee" of the City of New York, such administrative determinations are not binding on the Comptroller in this proceeding (*see Matter of Kurzyna v Communicar, Inc.*, 182 AD2d 924, 925 [1992], *lv denied* 80 NY2d 754 [1992]; *see also Matter of Doner v Comptroller of State of N.Y.*, 262 AD2d 750, 752 [1999]; *Matter of Keller v Regan*, 212 AD2d 856, 858 [1995]). Furthermore, petitioner's reliance on 2 NYCRR 315.3 is misplaced. This regulation, which sets forth factors for an employer to use in determining whether a particular member of respondent is an employee or independent contractor, does not apply to the circumstances of this case and, in any event, is irrelevant given the clear and unequivocal language of Vehicle and Traffic Law § 236 (2) (d) defining petitioner as a nonemployee.

1158

Board of Ethics in support of his position in this regard. Yet, the Hearing Officer failed to resolve or even acknowledge the existence of this issue in his decision. Inasmuch as we cannot "surmise or speculate as to how or why an agency reached a particular conclusion" (*Matter of Montauk Improvement v Proccacino*, 41 NY2d 913, 914 [1977]), the failure to address petitioner's contention that he was an "officer" of the City of New York prevents us from assessing whether the denial of his application was rational (*see id.*; *Matter of Cantone v DiNapoli*, 50 AD3d 1307, 1307 [2008]; *Matter of Weinstein v McCall*, 241 AD2d 744, 745 [1997]; *cf. Matter of Searfoss v Anchor Glass Container Corp.*, 78 AD3d 1368, 1369 [2010]). Petitioner's remaining contentions have been considered and found to be either unpersuasive or academic.

Kavanagh, Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to the Comptroller for further proceedings not inconsistent with this Court's decision.