Spain, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for salary and service credits.
Petitioner was hired as the attorney for the Mexico Central School District in 1974 and served in that capacity until his retirement in 2002. Similarly, petitioner served as the attorney for the Village of Mexico during roughly that same time frame. During these periods, petitioner also served as an attorney for other public entities and maintained a private law practice. In 2010, eight years after his retirement, petitioner received a letter determination from respondent New York State and Local Retirement System informing him that, based upon a review of petitioner’s relationship with both the school district and the Village, he had incorrectly been reported as an employee, rather than as an independent contractor. Accordingly, both petitioner’s salary and credited service were being removed from his records and, as a result, his annual benefit amount had been reduced and he was responsible for over $162,000 in overpayments and arrears. Following a hearing, the Hearing Officer determined
*1118 that petitioner failed to sustain his burden of proof that he was an employee of the school district or the Village, and denied his application for salary and service credits. Respondent Comptroller accepted the Hearing Officer’s findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding.
Where professional services are involved, the absence of direct control is not dispositive of the existence of an employer-employee relationship (see Matter of Myron Goldstein, P. C. [Roberts], 61 NY2d 937 [1984]; Matter of Ianniello [Sweeney], 238 AD2d 661, 661 [1997]). Rather, such an employment relationship may be evidenced by “control over important aspects of the services performed other than results or means” (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437-438 [2010]; Matter of Parisi [Commissioner of Labor], 54 AD3d 456, 457 [2008]), i.e., “over-all control is sufficient to establish the employee relationship where [professional] work is concerned” (Matter of Salamanca Nursing Home [Roberts], 68 NY2d 901, 903 [1986]; see Matter of Boone [Shore Rd. Community Serv.— Sweeney], 245 AD2d 617, 618-619 [1997]). In our view, the Comptroller’s determination that petitioner was not an employee of the school district is not supported by substantial evidence.
Here, both the school board president and the assistant superintendent testified that the school board routinely engaged in discussions about whether to retain petitioner’s services as an employee or an independent contractor, and the board continually chose the former because it was more cost effective for the school district. The testimony also indicated that, although there was no written contract with petitioner, the board and the assistant superintendent directed petitioner as to what work needed to be completed and when services were to be performed, the assistant superintendent and board reviewed petitioner’s work for its sufficiency and the president monitored petitioner’s performance and conducted annual performance evaluations. Additionally, both the testimony and documentary evidence indicated that petitioner was a salaried employee paid every two weeks by paycheck, from which income taxes, Social Security, Medicare and health insurance premiums were deducted, and petitioner received a W-2 form annually. Further, petitioner’s appointment as an employee of the school district was recognized by the County Department of Civil Service as a “School Attorney” — an exempt position — at a salary in 1974 of $3,400 per *1119 year. Petitioner took an oath of office annually and the school district maintained a personnel file on him. Significantly, although petitioner did not have set hours, the assistant superintendent testified that he was available on an as-needed basis and, even if petitioner did not perform work for the school district during a pay period, he would receive a paycheck for that period nonetheless. Although petitioner chose to use his own law office and staff, which were about two blocks from the school district office, the competent testimony established that office space, office equipment, clerical staff and supplies were available to petitioner through the school district when needed, and they were used by him from time to time, usually on meeting days.
To the extent that any of this evidence was rebutted, the Retirement System relied on the testimony of the school district treasurer, who admittedly only occasionally worked with petitioner. Furthermore, she testified that she had no knowledge about how petitioner received work assignments, the nature of his work duties or his relationship with either the school board or the superintendent, or whether he was ever evaluated. While the Retirement System also relied on a questionnaire completed by the school district, we note that the majority of the information supplied on the form came from the treasurer, with the balance being supplied by another former school board president who did not testify and whose term of service and basis of knowledge regarding petitioner’s engagement with the school district were not established. As such, we cannot conclude that the Comptroller’s determination with respect to the school district was supported by substantial evidence (see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437-438; compare Matter of Handley v New York State Teachers’ Retirement Sys., 74 AD3d 1384, 1386-1387 [2010]; Matter of Fernandez v New York State & Local Retirement Sys., 17 AD3d 921, 922 [2005], lv denied 5 NY3d 707 [2005]; Matter of Young v McCall, 253 AD2d 997, 997-998 [1998]; Matter of Mancuso v Regan, 190 AD2d 948, 948-949 [1993]; Matter of Brosnahan v New York State Employees’ Retirement Sys., 174 AD2d 954, 956 [1991], lv denied 78 NY2d 858 [1991]).
We reach a different conclusion, however, with regard to petitioner’s relationship with the Village. Petitioner admitted that he served in the capacity of Village Attorney as an independent contractor prior to 1994, and that he was thereafter placed on the payroll pursuant to his request, for the sole purpose of accruing retirement benefits. Testimony from the village clerk *1120 treasurer indicated that there was no reason for the change in status other than petitioner’s request and that, other than the fact that his pay was reported to the Retirement System, there was no substantive change in petitioner’s relationship to the Village (see Matter of Young v McCall, 253 AD2d at 997-998). The label assigned by the parties to the employment relationship between them is not determinative of whether an employer-employee relationship or independent contractor status exists (see Matter of Handley v New York State Teachers’ Retirement Sys., 74 AD3d at 1385-1386) and, upon application of the relevant factors, we find substantial evidence to support the Comptroller’s determination that petitioner was an independent contractor and not an employee of the Village (see Matter of Fernandez v New York State & Local Retirement Sys., 17 AD3d at 922; Matter of Young v McCall, 253 AD2d at 998; Matter of Mancuso v Regan, 190 AD2d at 949).
Lastly, we reject petitioner’s contention that the determination was barred by laches based on the unreasonable and inexcusable delay. The Comptroller is statutorily required to correct errors in the retirement benefit records and adjust payments accordingly to ensure the integrity of the public retirement system (see Retirement and Social Security Law § 111 [c]; DiNapoli v Town of New Scotland, 90 AD3d 1401, 1402 n 2 [2011]; Matter of Blais v New York State Teachers’ Retirement Sys., 68 AD3d 1266, 1268 [2009]).
Lahtinen, J.E, Stein and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as determined that petitioner was not an employee of the Mexico Central School District; petition granted to that extent and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court’s decision; and, as so modified, confirmed.