■ In the Matter of PHILLIP BROTHMAN, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, et al., Respondents. [980 NYS2d 625]—

Peters, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for retirement service credit.

Petitioner, an attorney, provided legal services to the Evans-Brant Central School District (commonly known as the Lake Shore Central School District) on a part-time basis from 1969 until his retirement in 2006. Following a review of petitioner's relationship with the school district, respondent Comptroller determined that petitioner was an independent contractor and not an employee and, therefore, was not entitled to membership in respondent New York State and Local Employees' Retirement System. Following a hearing, a Hearing Officer determined

that petitioner was an independent contractor and, upon review, the Comptroller adopted the Hearing Officer's findings and conclusions. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the Comptroller's determination.

As we recently articulated, "[w]here professional services are involved, the absence of direct control is not dispositive of the existence of an employer-employee relationship" (*Matter of Mowry v DiNapoli*, 111 AD3d 1117, 1118 [2013]). "Rather, such an employment relationship may be evidenced by control over important aspects of the services performed other than results or means" (*id.* [internal quotation marks and citations omitted]). In other words, "over-all control is sufficient to establish the employee relationship where [professional] work is concerned" (*id.* [internal quotation marks and citations omitted]; *see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d 433, 437-438 [2010]). Upon our review, we fail to find substantial evidence to support the Comptroller's determination that petitioner was an independent contractor and not an employee of the school district.

Here, the school district's former superintendent, who worked with petitioner for nearly four decades, testified that during his tenure he supervised all staff at the school district, including petitioner. This witness testified further that petitioner was required to attend all regular and special meetings as part of his employment. It was established that petitioner's biweekly paycheck included withholdings for FICA, Medicare, and federal and state income taxes. Petitioner also received health insurance benefits and participated in a tax shelter annuity program that was available to employees of the school district. Notably, although petitioner did not have set hours, both he and the former superintendent testified that he was available on an as-needed basis, and that petitioner would receive a paycheck for a pay period even if he did not perform work for the school during that period. Moreover, petitioner was required to report to the Superintendent of the school district, as well as the school district's Board of Education, and his work was subject to approval by the Board. He was also reappointed every year at annual reorganization meetings and took an oath of office annually. While petitioner used his own law office and staff, the competent testimony established that he was provided with school stationary and that, on occasion, he used school facilities and resources.

The Retirement System relied on the testimony of two Comptroller employees, the Assistant Director of Member and Employer Services and an Associate Examiner of the Division of

Local Government and School Accountability, both of whom admitted that they neither spoke with petitioner nor his former or current supervisors. While the Retirement System also relied on information retrieved from current employees at the school district's administrative offices, none of these employees testified at the hearing. Moreover, the Associate Examiner did not recall reviewing any of the Board minutes between 1969 and 2006 to determine anything related to petitioner's employment status with the school. Indeed, the Retirement System failed to provide testimony from anyone with direct knowledge regarding petitioner's engagement with the school district. Thus, on this record, we cannot conclude that the Comptroller's determination is supported by substantial evidence (see Matter of Mowry v DiNapoli, 111 AD3d at 1118-1119).

Stein, Rose and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.