◼ In the Matter of MORTON A. COHEN, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [986 NYS2d 703]—

Peters, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for additional pension service credits.

The facts of this matter are more fully set out in a prior decision of this Court (*Matter of Cohen v New York State & Local Employees' Retirement Sys.*, 81 AD3d 1156 [2011]). Briefly put, petitioner worked as a hearing examiner for the New York City Parking Violations Bureau (hereinafter NYCPVB). Petitioner thereafter became a member of respondent and sought to "buy back" his service time with the NYCPVB. The Comptroller found that petitioner was not an employee of the City of New York and, as such, was ineligible to obtain service credit for that work. Petitioner commenced a CPLR article 78 proceeding to challenge that determination, and this Court remitted so that the Comptroller could "address petitioner's [additional] contention that he was an 'officer' of the City of New York" in his role as a hearing examiner (*Matter of Cohen v New York State & Local Employees' Retirement Sys.*, 81 AD3d at 1158). The Comptroller rejected that contention, and the present CPLR article 78 proceeding ensued.

We confirm. The Comptroller "is charged with the responsibility of determining service credits for retirement purposes and his determination will be upheld if rational and supported by substantial evidence" (*Matter of Williams v McCall*, 283 AD2d 808, 809 [2001]). "Notably, petitioner bears the burden of establishing [his] entitlement to the additional service credit" (*Matter of Ratzker v Office of the N.Y. State Comptroller [N.Y.*

*State & Local Retirement Sys.]*, 106 AD3d 1321, 1322-1323 [2013], *lv denied* 22 NY3d 854 [2013]). The service credit question here revolves around whether petitioner had been engaged in "previous service with a public employer . . . [that] would have been creditable in one of the public retirement systems of the state," namely, the New York City Employees' Retirement System (hereinafter NYCERS) (Retirement and Social Security Law § 609 [b] [1]; *see* Retirement and Social Security Law § 501 [23]; *Matter of Cohen v New York State & Local Employees' Retirement Sys.*, 81 AD3d at 1156).

Petitioner would be eligible for membership in NYCERS if his work as a hearing examiner constituted "service, whether appointive or elective, as an officer . . . of the [C]ity . . . of New York" (Administrative Code of City of NY § 13-101 [3] [a]; *see* Administrative Code of City of NY § 13-104). NYCERS has determined that hearing examiners such as petitioner are not city officers such as to render them eligible for membership, and the Comptroller relied upon that determination. Assuming without deciding that the Comptroller improperly did so (*see Matter of Doner v Comptroller of State of N.Y.*, 262 AD2d 750, 752 [1999]; *see also Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669, 676 [1988]), substantial evidence nevertheless supports his finding that petitioner was not a city officer entitled to prior service credit. "A public officer, in contrast to a subordinate public employee, is a person whose position is created, and whose powers and duties are prescribed, by statute and who exercises a high degree of initiative and independent judgment" (*Matter of Lake v Binghamton Hous. Auth.*, 130 AD2d 913, 914 [1987] [citations omitted]; *see Matter of O'Day v Yeager*, 308 NY 580, 586 [1955]). "Other factors to be considered are whether an oath of office is required and whether the appointment is for a definite term," as well as whether the position involves the exercise of sovereign power (*Matter of Ricket v Mahan*, 82 AD3d 1565, 1568 [2011] [citation omitted]; *see Matter of Lake v Binghamton Hous. Auth.*, 130 AD2d at 914). Petitioner here was not appointed for any specific length of time, was not "a manager or policy maker," had never filed a financial disclosure statement and did not believe that he had taken or filed an oath of office (*see* Public Officers Law §§ 10, 73-a). The City of New York Law Department has further taken the position that hearing examiners are not city officers or employees. Notwithstanding evidence in the record that could support a different result, the above constitutes substantial evidence for the Comptroller's determination that petitioner was not entitled to prior service credit.

Lahtinen, McCarthy, Garry and Devine, JJ., concur. Adjudged

that the determination is confirmed, without costs, and petition dismissed.