# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: October 20, 2016         522583

_____

In the Matter of CYNTHIA
   DEVORE,
                    Petitioner,

      v                                 MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
   Comptroller, et al.,
                    Respondents.
_____

Calendar Date: September 12, 2016

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.

_____

Featherstonhaugh, Wiley & Clyne, LLP, Albany (James D. Featherstonhaugh of counsel), for petitioner.

Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondents.

_____

Devine, J.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller partially denying petitioner's application for retirement service credits.

Petitioner is a medical doctor and has provided services as a school physician and medical director for numerous entities since the 1980s. She is also a member of respondent New York State and Local Retirement System. A dispute arose as to whether she was entitled to service credit for certain periods in which she was reported as a part-time employee by Monroe Number 1 BOCES, as well as the Brighton, Greece, Rush-Henrietta,

Spencerport and Williamsville Central School Districts (hereinafter collectively referred to as the school districts). A hearing was conducted, after which the Retirement System conceded that petitioner was an employee of Monroe Number 1 BOCES and entitled to service credit for that work. The Hearing Officer found that petitioner had not sustained her burden of showing that she was an employee of the school districts, however, and declined to award her service credit for that work. Respondent Comptroller adopted the Hearing Officer's findings and conclusions. Petitioner commenced this CPLR article 78 proceeding to challenge the Comptroller's determination insofar as it found her to be an independent contractor for the school districts for the relevant periods.[1]

In "calculating retirement benefits, service credit is available only to employees, not independent contractors" (Matter of Doner v Comptroller of State of N.Y., 262 AD2d 750, 751 [1999]), and "[a]n employer-employee relationship exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). Inasmuch as petitioner provided professional medical services that are not

_____

[1] The Retirement System found that petitioner was ineligible for service credit for periods in which she was categorized as an employee by the school districts. Petitioner limited her arguments at the hearing to those periods, which are as follows: July 1, 2002 to November 2008 for Williamsville Central School District; July 1, 2003 to the present for Greece Central School District; February 1, 2006 to the present for Rush-Henrietta Central School District; July 1, 2005 to June 30, 2008 for Spencerport Central School District; and July 2005 to the present for Brighton Central School District. Petitioner argued for the first time in the instant CPLR article 78 proceeding that she is entitled to service credit for longer periods of time but, given her failure to raise those issues at the administrative level, they are not properly before us and we decline to address them (see Matter of Petak v Tax Appeals Trib. of State of N.Y., 217 AD2d 807, 809 [1995]).

amenable to direct control, however, "the absence of [that] control is not dispositive of the existence of an employer-employee relationship" (Matter of Mowry v DiNapoli, 111 AD3d 1117, 1118 [2013]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437-438; Matter of Salamanca Nursing Home [Roberts], 68 NY2d 901, 903 [1986]). An employer-employee relationship will exist under such circumstances if the putative employer exercised overall "control over important aspects of the services performed other than results or means" (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; accord Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437). Whether sufficient overall control existed is a factual issue for the Comptroller, and his resolution of it will be upheld if supported by substantial evidence in the record (see Matter of Brothman v DiNapoli, 114 AD3d 1072, 1073 [2014]; Matter of Mowry v DiNapoli, 111 AD3d at 1118).

Petitioner presented her own testimony, as well as that of officials from most of the school districts, all of whom specified how the school districts exercised significant control over aspects of petitioner's work. The only potential exception is that, while the school districts had all categorized petitioner as an employee by 2006, petitioner had previously executed agreements with the school districts that categorized her as an independent contractor. Respondents correctly point out that "[t]he actual transactions between the contracting parties — and not the labels assigned to their relationships pursuant to a contract or otherwise — determine whether an employer-employee relationship exists" (Matter of Handley v New York State Teachers' Retirement Sys., 74 AD3d 1384, 1385-1386 [2010]; see Matter of Mowry v DiNapoli, 111 AD3d at 1120).

Those actual transactions between petitioner and the school districts during the periods at issue were largely consistent and involved her reporting to specific district officials who did not tell her how to do her work, but did dictate what tasks she needed to perform and when she needed to be available to perform them. Her supervisors monitored her work and gave her regular performance evaluations. She had access to various fringe benefits at all but one of the school districts, such as paid

leave and health insurance.[2]  She was also provided with office space and other resources, all of which she utilized since she did not have a private medical practice and the attendant administrative resources.

The foregoing evidence, documenting the significant overall control exercised by the school districts over aspects of petitioner's work, faced little challenge from the Retirement System.  The Retirement System, in fact, rested at the hearing without presenting any witnesses.  Thus, upon our review of the record, we cannot say that substantial evidence supports the Comptroller's determination that petitioner worked as an independent contractor for the school districts during the periods that she was classified by them as an employee (see Matter of Brothman v DiNapoli, 114 AD3d at 1073; Matter of Mowry v DiNapoli, 111 AD3d at 1118-1119).

Petitioner's remaining contention that the determination was barred by laches due to delay on the part of the Comptroller, to the extent that it is not academic in light of the foregoing, has been examined and found to be meritless (see Matter of Mowry v DiNapoli, 111 AD3d at 1120).

Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.

---

[2]  The hearing testimony suggested that petitioner did not have access to fringe benefits from the Rush-Henrietta Central School District.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as determined that petitioner was not an employee of Williamsville Central School District from July 1, 2002 to November 2008, Greece Central School District from July 1, 2003 to the present, Rush-Henrietta Central School District from February 1, 2006 to the present, Spencerport Central School District from July 1, 2005 to June 30, 2008, and Brighton Central School District from July 2005 to the present; petition granted to that extent and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court